WM. G. HALE v. PAULINE DUTANT.

1. Defendant owned a ferry, and one of the ropes used in working it was stretched across part of the public highway; plaintiff upon the public highway fell over the rope and was injured; for that injury suit was brought, and the defendant pleaded that he had leased out the ferry, and that it was worked by the lessee at the time of the injury; *held* to be a good defense to the action.

2. The party injured is held to as high degree of care to avoid accident as he through whose negligence damage is claimed to have accrued; the whole and entire responsibility of the act from which damage is claimed to have resulted must be thrown upon the defendant in such damage suit to authorize a recovery.

APPEAL from Cameron. Tried below before the Hon. Wm. H. Russell.

*Powers & Maxan*, for appellant, cited Redfield on Com. Car., Secs. 206 (Note 3), 341, 426, 432; 27 Vt., 377; 19 N..

Y., 127; Sedg. on Dam., 629; 11 La. An., 445, Donnell v. Sanford; 2 Story, 661, Whipple v. Cumberland M. Co.; 3 Story, 1, Wiggin v. Coffin; 5 Mason, 197, Thurston v. Martin; 1 Zab., 183, Berry v. Vreeland; 32 Texas, 251, Ward v. Bledsoe; 32 Texas, 610, Cox v. The State.

*Robards & Blackburn*, for appellee, cited Blackwell v. Wiswall, 24 Barb., 356, S. C.; 26 Barb., 618; Felton v. Deall, 22 Vt., 173; Blake v. Ferris, 1 Selden, 51; Murch v. Concord Railroad Company, 9 Foster, N. H., 32; Fiske v. Farmingham Manufacturing Company, 14 Pick., 493; Blatenburger v. Schuylkill, etc., 2 Miles, Penn., 313; Peachy v. Rowland, 76 English Com. L. R., 181; Chitty's Pleadings, 147; Schuyler v. Hudson, 38 Barb., 655; Hilliard on Torts, 124, Sec: 2; Butterfield v. Forester, 11 East., 44; Smith v. Smith, 2 Pick., 624; Lane v. Crombie, 12 Pick., 177; Park v. O'Brien, 23 Conn., 345; Evansville, etc., v. Smith, 15 Ind., 121; Berge v. Gardiner, 19 Conn., 511; Evansville, etc., v. Dexter, 24, Ind., 411; Aurora Branch Railroad Company v. Grimes, 13 Ill., 585; Robinson v. Fitchburgh, 7 Gray, 97.

WALKER, J.—This was an action originally brought by Armand Dutant and Pauline, his wife, against Chas. Stillman, Samuel A. Belden and William G. Hale, the owners of a ferry on the Rio Grande, at Brownsville, to recover damages for injuries received by the wife through an accident alleged to have been occasioned by the fault and negligence of the defendants.

The defendants are sued as common carriers, and this is what, at common law, would have been an action on the case for incidental damages.

The petition charges substantially that the defendants, in constructing and operating their ferry, had drawn a wire rope across one of the public highways, by reason

of which rope being carelessly arranged and operating as an impediment to persons traveling on said highway, Pauline, one of the plaintiffs, had tripped and fallen over said wire rope, receiving great bodily harm and injury, to the loss and damage of the plaintiffs $10,000.

The defendants in their pleadings deny generally the allegations of the petition, and they plead specially, admitting themselves to be the owners of the ferry franchise, but they aver that before the happening of the accident they had leased, rented and transferred to one Marcello Perez the ferry, with all the boats, ropes, cable, tackle, and appurtenances to the same belonging.

That they had ceased to operate said ferry at the time of the accident, and that the same was under the sole management and control of said Perez, and they denied their liability, admitting the facts touching the accident to be true.

The plaintiffs moved to strike out this answer, and rely for the recovery solely upon the ownership of the ferry by the defendants.

Certainly the authorities quoted in the defendants' brief (Blackwell v. Wiswall, 24 Barb., 356, S. C.; 26 Barb., 618; Felton v. Deall, 22 Vt., 173; Blake v. Ferris, 1 Selden, 51; Murch v. Concord R. R. Co., 9 Foster, N. H., 32; Fisk v. Farmingham Man. Com., 14 Pic., 493; Blatenburger v. Schuylkill, etc., 2 Miles, Penn., 313; Peachy v. Roland, 76 Eng. Com. L. R., 181) are conclusive on this subject, and the maxim *respondeat superior* does not apply in cases like this.

The second branch of the charge of the court reads as follows:

"If the defendants, Stillman, Beldin & Hale, were the owners of the ferry, and the wire rope, a part and parcel of the ferry, was extended across a public street or highway in this city, or into any part of said street, so as to

Syllabus.

obstruct its free use to the public, they are held in law to be responsible for any and all damages happening, because of such obstruction, to persons traveling the streets so obstructed, unless the injury or damage is caused by the willful neglect of the party injured."

This charge of the court is erroneous in two respects; negligence on the part of the party injured need not be willful or gross in order to excuse a party, who may be in some respect the cause of the injury, from liability; partial negligence may excuse; the party injured is certainly bound to as high a degree of care to avoid the accident as he through whose negligence an accident might otherwise happen; the whole and entire responsibility is not thrown upon the party from whom the damage is claimed.

The court erred in overruling this plea. The jury was doubtless misled by the charge, and there was error in refusing a new trial.

The judgment of the District Court is therefore reversed and the cause dismissed.

REVERSED AND DISMISSED.

*Hancock, West & North* filed a motion and argument for rehearing.

OVERRULED.