HOUSTON & T. C. R'Y Co. v. S. P. SIMPSON.

(Case No. 4544.)

1. NEGLIGENCE.— In a suit by a child for damages claimed on account of injuries inflicted by a turn-table of a railway company, after the court had properly instructed the jury as to the degree of care to avoid injury requisite in a child, it was not error to give the following charge: "If you believe, from the evidence, that the plaintiff had intelligence enough to appreciate the peril of getting on the defendant's turn-table in the manner the evidence shows he did; or if you believe he was warned by defendant's employee not to get on said table, and that it was dangerous to do so, and said plaintiff understood and appreciated such warning, but did nevertheless get on said turn-table, and was thereby the direct cause of his injury, you will find for defendant."

2. SAME.— See opinion for charge on the same subject held to have been properly refused. ·

3. SAME — CHARGE OF COURT.— The question of due care, when negligence is charged against a railway company on account of leaving its turn-table unfastened, is one for the jury; and a charge that the failure of the company to fasten its table under a condition of facts stated would be negligence, would be an invasion of the province of the jury, and was properly refused.

4. NEGLIGENCE.— The law fixes no certain age at which children are of sufficient intelligence to have imposed upon them the full degree of care incumbent on those of mature age, and in every case the question of the intelligence of a child is one for the jury.

5. FACT CASE — DAMAGES.— See opinion for facts under which the court refused to disturb a verdict for $3,500 against a railway company for injuries sustained by a child ten years old at its turn-table.

ERROR from Grayson. Tried below before the Hon. Joseph Bledsoe.

Suit brought by S. P. Simpson, a minor, by his next friend, John L. Simpson, against the H. & T. C. R'y Co., to recover damages for injuries received by S. P. Simpson, on the 12th day of October, 1878, in having his right leg caught and crushed in a turn-table located at Denison, in defendant's yard at that place, and being defendant's property. It was alleged that the turn-table was located in a populous city; that it was unprovided with any means of fastening when not in use; that it was not kept fastened; that it was a dangerous machine, calculated to entice children to play on it, and that children did resort there and play on it. That plaintiff S. P. Simpson, actuated by desire for sport, and not knowing of any danger, and too young, and of consequence too indiscreet, to consider of the danger, but solely intent upon amusement, while being on the table when revolving, had his right leg caught and injured about the knee, inflicting a painful, serious and permanent injury.

Answer containing a general demurrer, general denial, and special answer alleging that the turn-table complained of was situated in

defendant's yard at Denison, on its own premises, entirely away from any public street, out of and away from public view, and in a secluded, private, and, except by defendant's employees, unfrequented spot.

That there were no settlements, churches, school-houses or places of public resort near it; that it is separated from its passenger depot building by its coal bins, transfer warehouse, sheds and numerous sidings, constantly filled with cars, entirely obscuring it from public view.

That the turn-table, being situated at the northern terminus of defendant's line, was in constant use by it; that plaintiff S. P. Simpson was at least twelve years of age, and of average intelligence, and had lived for many years near a railway; that his parents had forbidden him from going about the railway on account of the dangers to which he might be exposed,— all of which he understood; that plaintiff's mother permitted him to go, on this occasion, to the compress on the M., K. & T. Railway, and that her acts in the premises, and plaintiff's own acts, contributed to, and were the sole cause of, the injuries complained of. That plaintiff was warned by defendant's employees not to play on the table.

Judgment for plaintiff, and against defendant, in the sum of $3,500.

The fourth instruction asked by appellant was as follows:

"If you believe, from the evidence, that defendant's turn-table, by which the accident occurred, is situated at Denison, at the end of its line, and is in constant use, daily and nightly, in turning its cars, and was not left alone by defendant's employees at the time of the accident, but that it had just been used in turning an engine, and that the engine had just been moved off the table when plaintiff began to move it, and against the warning of the defendant's employees, then it is not negligence in the defendant that its turn-table was not fastened at the time of the accident, and plaintiff cannot recover."

*R. De Armand,* for plaintiff in error.

*R. C. Foster* and *Throckmorton, Brown & Bryant,* for defendant in error.

Stayton, Associate Justice.— After the court had instructed the jury as to the degree of care requisite in a child, the following instruction was given:

"If you believe, from the evidence, that the plaintiff, S. P. Simpson, had intelligence enough to know and appreciate the peril of

getting on the defendant's turn-table, in the manner the evidence shows he did; or if you believe he was warned by defendant's employee not to get on said table, and that it was dangerous to do so, and said Simpson understood and appreciated such warning, but did nevertheless get on said turn-table, and was thereby the direct cause of his injury, you will find for defendant."

This charge is assigned as error. It certainly was not erroneous.

After which the defendant asked the following instructions, which the court refused:

"If you believe that plaintiff was attracted to the spot where the turn-table was located by the turning of an engine thereon by defendant's employees, and, immediately upon the engine leaving the table, began to handle and attempt to ride on the table and received injury, and by means and in the manner which he had intelligence to know could be done at the time of the injury, then he cannot recover."

Instruction No. 2, asked by defendant, is as follows:

"If you believe, from the evidence, that plaintiff, when he moved the turn-table and started to jump on, knew that if he got his limb caught between the end of the beam of the turn-table and the wall of the pit in which it revolved, that it would be crushed, and that his foot slipped and his limb got caught in this way, then plaintiff was guilty of an act contributing to his injury and he cannot recover, although defendants may have also been guilty of negligence in leaving the table unfastened."

It was not error to refuse the first instruction asked, for it was not justified by the evidence; for while the evidence does show that the turn-table had been used for the purpose of turning an engine but a short time before the injury was inflicted, it did not show that such use was so recent that the employees of the defendant had not had ample time to fasten it. The charge itself was confused, and so far as proper had been substantially given in the charge of the court.

As to the second instruction asked, the same may be said of that; and besides, although the child might have known that if its limb was caught in the designated place it would probably be injured, the charge excluded the idea that the absence of knowledge or intelligence to know and understand the peril of the limb being so caught was a material inquiry.

The third instruction asked and refused was substantially contained in the charge given by the court.

The fourth instruction asked was not justified by the facts in

proof, and besides, it was objectionable in that it would have informed the jury that leaving a turn-table unfastened in a place where children by its use might be injured, under the state of facts supposed in the instruction, was not negligence in the defendant. The question of due care was for the jury under all the facts, and the case stated in the instruction was not such as would have authorized the court, as matter of law, to instruct the jury that there was no negligence upon the part of the defendant in keeping its turn-table unfastened when not in actual use.

The fifth charge asked and refused had been substantially given by the court, and it was not error to refuse to repeat it.

The sixth instruction was as follows: " If you believe, from the evidence, that plaintiff was ten years old, and of fair average intelligence for his age, and that he went upon defendant's premises without its permission or invitation, and in moving defendant's turn-table, and attempting to jump thereon, received an injury, then plaintiff was trespassing, and could not recover for such injury."

The court did not err in refusing to give this instruction. The law fixes no certain age at which children are of sufficient intelligence to have imposed upon them the full degree of care incumbent upon one of mature age, and in every case the question of intelligence of a child is one for the jury. R. R. Co. v. Stout, 17 Wall., 664; Thomp. on Neg., 1181, 1182.

It appears that the turn-table was uninclosed, and near a pond in which boys were accustomed to go for the purpose of fishing. The entry upon such a place was not a trespass in a child which would deprive it of the right to recover for an injury resulting from the attempted use of a dangerous machine to which children would be attracted for sport or pastime, for it is the duty of every person to use due care to prevent injury to such persons, even from dangerous machinery upon the premises of the owner, if its character be such as to attract children to it for amusement.

The evidence is conflicting as to whether or not an employee of the defendant warned the plaintiff and other boys who were running the turn-table after the locomotive passed from it, that it was dangerous; but it does appear that the employee knew that they were playing with the turn-table, and that he took no steps to so fasten it that they could not use it. The turn-table had no fastenings whatever, and, though almost constantly in use, there were times when it was not in use; and besides, it appears that boys were accustomed to use it at times when employees of the company were present.

The plaintiff himself, it seems, had played upon the turn-table

upon former occasions. Under such state of facts it was for the jury to determine whether the plaintiff used such care as is required of one of his age. This question was fairly submitted to the jury, and though some of the charges asked by the defendant were proper, as the matters covered by them were substantially embraced in the charge given, it cannot be held that the failure to give them was such error as would justify a reversal of the judgment.

It is admitted that the damages are not so excessive as to justify a reversal, and the judgment must be and is affirmed.

AFFIRMED.

[Opinion delivered June 29, 1883.]