Fulton County St. Railroad Co. *et al. v.* McConnell.

1. Where a street railway company, having authority under its char-
ter to construct a railway in the public street, does the work by
an independent contractor, and an injury to a person passing
along the street is caused by the negligence of a servant of the
contractor, which negligence consisted in unnecessarily and
improperly laying down loose iron rails in advance of the workmen.
engaged in constructing the track, the contractor is liable for the
consequences of such negligence, but the railway company is not,
the latter company not having reserved any control over the con-
duct of the former in executing the work.

2. The evidence warranted the recovery against the contractor, and
the judgment is affirmed to that extent, but reversed so far as the
railway company is concerned.

October 19, 1891.

Street railroads. Independent contractors. Negli-
gence. Verdict. Before Judge Van Epps. City court
of Atlanta. March term, 1891.

Reported in the decision.

Candler & Thomson and N. J. & T. A. Hammond, for
plaintiffs in error.

J. L. McWhorter and Arnold & Arnold, *contra.*

Simmons, Justice.

The Fulton County Street Railroad Company ob-
tained a charter from the legislature authorizing it to
build a street railroad through certain streets of the
city of Atlanta when it should obtain the consent of
the municipal authorities. It seems this consent was
obtained by the company, and it made a contract with
the Thomson-Houston Electric Company, another cor-
poration, whereby the latter undertook to furnish all
the material, and the entire construction of the road
without any direction or control reserved to the street
railroad company. During the progress of the work
upon West Peachtree street, the contractor laid the iron
rails about eight feet apart on each side of the proposed

road-bed, a considerable distance beyond and ahead of the place where its hands were taking up a pavement and preparing the road-bed for the cross-ties and iron. The rails thus laid furnished a continuous line on each side of where the road-bed was to be placed, for a considerable distance ahead of the hands. McConnell was riding on horseback upon that street, and in attempting to cross the street where these iron rails were laid, the horse struck his foot against one of the rails and fell, seriously injuring McConnell. He brought his action for damages against the street railroad company and the Thomson-Houston Electric Company jointly. On the trial of the case, under the charge of the court, the jury returned a verdict against both defendants. A motion for a new trial was made and overruled.

1. The first three grounds of the motion for a new trial are the usual ones that the verdict was contrary to law, evidence, etc. The 4th ground complains that the verdict was contrary to law and evidence in this: that there was no evidence showing that the injury to the plaintiff was occasioned by any act or acts of the defendants or either of them, set forth in the declaration. There was sufficient evidence, in our opinion, to authorize the jury to find a verdict against the Thomson-Houston Electric Company. The evidence shows that the foreman of the squad of hands who were constructing the road upon this particular street, had the iron rails taken from the gutters on each side of the street, and placed in the middle of the street for a considerable distance in advance of the place at which the hands were at work. The foreman testified, in substance, that it would have been safer to have let the rails remain in the gutters until they were actually needed, but to expedite the work and to mark the lines to guide the hands in taking up the belgian blocks and making the proper excavations, he had the rails taken

from the gutters and laid in the middle of the street in advance of the work, and that it was not necessary at that time to have placed the rails in the middle of the street; that the lines to guide the hands might have been made by other means which would have been safe. His testimony shows that there were two ways to mark the lines to guide the hands, one safe and the other unsafe. Where a person or corporation is authorized by law to obstruct the public streets of a city for any purpose, it is incumbent on him or it to exercise great care to prevent passengers along the streets from being injured. And if in the progress of the work it becomes necessary to do a certain thing, and there are two ways of doing it, one safe and the other unsafe and unnecessary, if the unsafe method is adopted and a person is injured thereby, it is such negligence on the part of the person or corporation performing the work as would authorize the party injured to recover damages. Although a person may have authority to obstruct the street for the purpose of constructing a railroad track therein, he has no right to obstruct more of that street than is necessary for the proper performance of his work at that time and place. He has no right to put obstructions far in advance of the work which is being performed, and which are unnecessary at that time to enable him to carry on his work. The people have a right to the use of the streets as well as the street railroad companies or their contractors, and neither the companies nor their contractors have a right to prevent the free use of and access to the streets by the people, except at times and places where it is necessary for the companies or contractors to occupy them; and if they should place unnecessary obstructions in the street, and a passenger in the street should be injured thereby, they would be liable unless the injury could have been avoided by the exercise of due care on the part of the passenger. We

therefore think the court did not err in overruling the motion for a new trial as to the Thomson-Houston Electric Company.

2. The case of the Fulton County Street Railroad Company presents a different view. The evidence shows that it made a contract with the Thomson-Houston Electric Company to construct the road-bed of its line. The latter company was to furnish all the material, and was not to be subject to the direction or control of the former company. This made it an independent contractor, and not the servant or agent of the Fulton County Street Railroad Company. Our code, §2962, declares: "The employer is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." To this general principle we held in the case of *Atlanta & Florida Railroad Co.* v. *Kimberly*, 87 *Ga.* 161, 13 S. E. Rep. 277, there are certain exceptions. The evidence does not show that this case falls within either or any of the exceptions stated in that case. The work in constructing the road was not wrongful in itself, the company having obtained authority from the legislature and the consent of the municipal authorities. Nor would the work result in a nuisance, for the same reason. Nor was it, according to previous knowledge and experience, in its nature dangerous to others if carefully performed. It was not a violation of a duty imposed by express contract upon the employer. Nor was the duty of constructing the road imposed by statute upon the company obtaining the charter. The company did not retain the right, in its contract, to direct and control the time and manner of executing the work. Nor did it ratify the wrongful act of the contractor. So, as before remarked, the evidence does not bring the street railroad company within any of the

exceptions to the general rule laid down in the *Kimberly* case. If the independent contractor is guilty of an act of negligence which causes injury to a third person, and the evidence shows that the act does not fall within any of these exceptions, the employer is not liable. This is the rule in regard to all employers and independent contractors.

It was argued, however, by counsel for the defendant in error that this rule does not apply where the work is to be performed in a public thoroughfare; that the license to obstruct the street was given specially to the railroad company and could not be delegated to the contractor; that where railroads are built in a public thoroughfare the rights of the public to the use of the thoroughfare are involved, and the rule should be stricter than where the rights of individuals merely are affected. We have been unable to find any case where this distinction is recognized; but on the contrary, in Overton *v.* Freeman, 11 C. B. 867 (13 Eng. Com. L. Rep. 866), Maule, J., in replying to this identical argument, says: "It is insisted that there is some greater degree of liability in respect of this being a public wrong than would ordinarily attach in the case of a mere private injury. I do not, however, perceive that there is any distinction between the two which is at all favorable to the plaintiff's argument. I rather think the liability for a public wrong is less extensive than the civil liability. A man is often civilly liable where no wrong was intended." The facts of that case are more like those of the case under consideration than are the facts of any other we have found. The parish officers of a certain district contracted with A to pave a certain district, and A entered into a subcontract with B, under which the latter was to lay down the paving of a street, the materials being supplied by A, and brought to the spot in his carts. Preparatory to

the paving, the stones were laid, by laborers employed by B, on the pathway, and there left unguarded at night, in such a manner as to obstruct the same, and C fell over them and broke his leg. It was held that B was responsible for this negligence, and not A.

The rule announced in the code,—which is simply declaratory of the common law,—is a broad one, and applies to all independent contractors, regardless of whether the work is to be performed in a thoroughfare, where public rights are involved, or in a place where private rights only are affected. The courts would have no right to apply it in the one class of cases and refuse to apply it in the other. The legislature alone can do this if in its wisdom it sees proper. On the subject of employers and independent contractors, see *Atlanta & Florida R. Co.* v. *Kimberly*, *supra*, and authorities cited. Also Hackett v. W. U. Tel. Co. (Wisc.) 49 N. W. Rep. 822.

We think, therefore, that the court erred in not granting a new trial to the Fulton County Street Railroad Company. The judgment is *affirmed* as to the Thomson-Houston Electric Company, and *reversed* as to the Fulton County Street Railroad Co.