THE CITY OF INDEPENDENCE, *Appellant*, v. SLACK *et al.*

Division One, March 31, 1896.

1. **Master and Servant:** INDEPENDENT CONTRACTOR: CITY: OBSTRUCTION OF STREETS. Where a contractor agrees with the owner of property to furnish designated stone and to construct a sidewalk in front of such property for a fixed price and the owner retains no power to direct the manner of doing the work, or to control such person in the performance of the contract, the latter is an independent contractor for whose negligent obstruction of the street such owner is not liable.

2. ——: ——: ——: ——. Owners of property abutting on a street while improving it owe no duty to the city and the public of placing safeguards around obstructions placed in the street by independent contractors in the prosecution of their work.

3. **Appellate Practice:** EVIDENCE: HARMLESS ERROR. The exclusion of a deposition offered in evidence though competent will afford no ground for the reversal of the judgment where it appears that appellant was not prejudiced thereby.

*Appeal from Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Flournoy & Flournoy* for appellant.

(1) One whose acts are the primary cause of an injury to another, for which a city is compelled to respond in damages is liable over to such city for such damages. 2 Dillon's Municipal Corporations [3 Ed.], sec. 1062; *St. Joseph v. Railroad*, 116 Mo. 637; *Port-*

*land v. Richardson*, 54 Maine, 46; *Littleton v. Richardson*, 34 N. H. 179; *Boston v. Worthington*, 10 Gray (Mass), 496. (2) Even if this case be determined on the theory that an independent contractor did the work, defendants can not escape liability and the demurrer to plaintiff's evidence should not have been sustained. Cooley on Torts [2 Ed.], pp. 643–646; Bishop on Non-contract Law, sec. 605; *St. Joseph v. Railroad,* 116 Mo. 637; *Brannock v. Elmore*, 114 Mo. 55; *Haniford v. Kansas City*, 103 Mo. 173; *Chicago v. Robbins*, 2 Black, 418. (3) The character of the work was such, that its necessary or probable effect would be dangerous to the public, unless precautions were taken to prevent accidents to persons using the street; and defendants could not relieve themselves of their duty to the public by employing independent contractors. Cases above cited and *Water Co. v. Ware*, 16 Wall. 566; *Veazie v. Railroad*, 49 Maine, 119; *Darmsteatter v. Maynahan*, 27 Mich. 188; *Woodman v. Railroad*, 149 Mass. 335. (4) Defendant McCauley admits in her answer that she had notice of the Phelps suit and defendant McCoy, by his testimony, shows he had such notice, and the notice, proven to have been given to both Slack and McCoy was sufficient to make the judgment in the Phelps case conclusive in this case. *Robbins v. Chicago*, 4 Wall. 675; 2 Van Fleet's Former Adjudications, p. 1169, sec. 576; *Drennan v. Bunn*, 124 Ill. 175; *Railroad v. Twiss*, 35 Neb. 267; *Heiser v. Hatch*, 86 N.Y. 614; *Portland v. Richardson*, 54 Maine, 46; *Troy v. Railroad*, 49 N. Y. 657; *Port Jarvis v. Bank,* 96 N. Y. 550. (5) Defendant McCoy's general power and authority, as agent for defendant McCauley, relative to her property, the nature of the work, and his connection with it, makes him also liable. *McNaughton v. Elkhart*, 85 Ind. 384; *Ellis v. McNaughton,* 76 Mich. 237; *Baird v. Shipman*, 132 Ill. 16; *Campbell v. Portland Sugar Co.*, 62 Maine, 552;

*Jenne v. Sutton,* 14 Vroom (N. J.), 257; Mechem on Agency, sec. 571. (6) The court erred in excluding the testimony of Murphy, given in the former trial, and preserved in the bill of exceptions in that case. *Caughlin v. Hausler,* 50 Mo. 126; *District of Columbia v. Gas light Co.,* 20 D. C. 39; *Omaha v. Jansen,* 35 Neb. 68; *Yale v. Comstock,* 112 Mass. 267. Greenleaf on Evidence [14 Ed.], secs. 163, 164.

*Edward P. Gates* for respondent Slack.

(1) The obstruction over which H. C. Phelps fell was not placed in the street by A. T. Slack or by anyone by his authority or over whom he exercised any control in the method or manner of doing the work. It was placed there by Stewart, an independent contractor. *Crenshaw v. Ullman,* 113 Mo. 633; *Schweickhardt v. St. Louis,* 2 Mo. App. 571; *Blumb v. City of Kansas,* 84 Mo. 112; *Dillon v. Hunt,* 82 Mo. 150; *Fink v. Furnace Co.,* 82 Mo. 276; *Long v. Moon,* 107 Mo. 334; *Clark's Adm'r v. Railroad,* 36 Mo. 203; *Hilsdorf v. St. Louis,* 45 Mo. 94; *McKinley v. Railroad,* 40 Mo. App. 449; *Pawlet v. Railroad,* 28 Vt. 297; *Water Co. v. Ware,* 16 Wall. (U. S.) 566; *Hilliard v. Richardson,* 3 Gray (Mass.), 349; *Overton v. Freeman,* 11 Common Bench, 867; Wood on Master and Servant, pp. 598 to 610 inclusive. Even when the owner supervises the work or has it done, so that it may be done according to the contract, but does not retain control as to the method or manner of doing the work, he is not liable. *Blumb v. City of Kansas,* 84 Mo. 112; *McKinley v. Railroad,* 40 Mo. App. 457; Wood on Master and Servant, page 599. The construction of a stone sidewalk certainly was not unlawful nor necessarily a nuisance. *Dillon v. Hunt,* 82 Mo. 155. (2) A notice to defend must be distinct and unequivocal and expressly require

the party to appear and take on himself the defense of the adverse suit, and he must have opportunity to control and manage the defense. *Strong v. Ins. Co.*, 62 Mo. 289; *Wheelock v. Overshimer*, 110 Mo. 100; *Garrison v. Trans. Co.*, 94 Mo. 130; *St. Joseph v. Railroad*, 116 Mo. 636.. No notice was given to the defendant Slack, sufficient to bind him by the judgment rendered in the case of *Phelps v. City of Independence*. The record and proceedings in that case introduced in evidence were not admissible for any purpose as against Slack, and therefore plaintiff's case, as against him, is without any legal evidence as to the cause of the accident or the extent of the injury to Phelps, if any there was. (3) The evidence of the witness Murphy, taken in the case of *Phelps v. The City of Independence*, was not admissible in this case and was properly excluded. *Leslie v. Rich Hill Coal Co.*, 110 Mo. 31; *St. Joseph v. Railroad*, 116 Mo. 636; *Border v. Barker*, 81 Mo. 636; *Perry v. Moon*, 24 Mo. 285; *Carter v. Davis*, 81 Mo. 668. (4) This respondent A. T. Slack was not, in any view of the case, a joint *tort feasor* with his codefendants. There is therefore a misjoinder of parties. 3 Sutherland on Damages [2d Ed.], p. 2309, sec. 1059; *Sellick v. Hall*, 47 Conn. 274; *Wallace v. Drew*, 59 Barb. 413; *Van Steenburg v. Gray*, 17 Wend. 562; *Russell v. Tomlinson*, 2 Conn. 206; *Adams v. Hall*, 2 Vt. 9; *Chipman v. Palmer*, 9 Hun, 517; *Little Schuylkill Co. v. Richards*, 57 Pa. St. 142. (5) The evidence does not show that any work or material whatever with which this respondent, Slack, had anything to do, caused the injury complained of. The excavation was guarded and Phelps did not fall into it. He fell over two stones lying in front of Mrs. McCauley's building. The evidence fails to show that these stones were ever used in Slack's sidewalk. If any presumption is to be drawn from their position, then they were used in Mrs.

McCauley's sidewalk. Clearly Slack can not be held liable without some proof connecting him with the obstruction which caused the injury.

*Joseph McCoy* and *Geo. A. Neal* for respondents. Wm. McCoy and Caroline McCauley.

(1) There being no substantial evidence to support a verdict against defendants McCauley or her agent McCoy, introduced by plaintiff in this case, it was the duty of the trial court to sustain the demurrer to plaintiff's evidence and instruct the jury to find for said defendants. *Long v. Moon*, 107 Mo. 337; *Brannock v. Elmore*, 114 Mo. 55. (2) If the defendants did not retain control over the means or manner of doing the work, or the right to direct the manner of the performance thereof, or undertake to provide any of the instrumentalities, they are not liable. It was the duty of the court to determine that question from the evidence, and plaintiff's motion to set aside the nonsuit taken was properly overruled. *Brannock v. Elmore*, 114 Mo. 55; *Roddy v. Railway Co.*, 104 Mo. 247; *Larson v. Railway Co.*, 110 Mo. 234; *Burns v. McDonald*, 57 Mo. App. 601; *Long v. Moon*, 107 Mo. 337; *Crenshaw v. Ullman*, 113 Mo. 633; *Fink v. Furnace Company*, 82 Mo. 276; 2 Dillon, secs. 730, and note, 1030, 1029 and 1035. (3) Stewart was shown by the evidence to be an independent contractor over whom defendants as employers had no control. It was not the duty of such defendants to furnish a place to lay the stone prior to their being placed in position on the walk, or to guard the same. *Norwich v. Breed*, 30 Conn. 550; *St. Joseph v. Railroad*, 116 Mo. 644. (4) Defendants as employers of Stewart are not responsible for the negligence of Stewart, he having been given entire freedom in the use of the means to construct the

sidewalk contracted to be done. *Long v. Moon*, 107 Mo. 339; *Roddy v. Railway Co.*, 104 Mo. 248; *Burns v. McDonald*, 57 Mo. App. 601; *Schweickhardt v. St. Louis*, 2 Mo. App. 571; *Morgan v. Bowman*, 22 Mo. 538; *Barry v. St. Louis*, 17 Mo. 121; *Blumb v. City of Kansas*, 84 Mo. 112; *Dillon v. Hunt*, 82 Mo. 151; Smith's Whittaker on Negligence, 171; *Speed v. Railroad*, 71 Mo. 307.   (5)   In this case the testimony established that Stewart, the independent contractor, having entire control of the obstructions and sole possession thereof, was primarily liable; it then became incumbent upon plaintiff to show by the evidence that the work was unlawful *per se*, or that the usual or necessary method of doing such work was dangerous, or that such necessity arose during the progress of the work of which these defendants were duly notified. Plaintiff's petition should have alleged such unlawful and dangerous character of the work. *Crenshaw v. Ullman*, 113 Mo. 633; *Long v. Moon*, 107 Mo. 337; *Burns v. McDonald*, 57 Mo. App. 601; 14 Am. and Eng. Encyclopedia of Law, pp. 829–833; *Robbins v. Chicago*, 4 Wall. 657; *Brannock v. Elmore*, 114 Mo. 55.
(6)   Murphy, the contractor for McCauley's building, is not shown by the evidence submitted or by his own testimony, excluded by the court, to have superintended the work of Stewart, the sidewalk contractor; conceding that he was, as plaintiff contends, yet the demurrer to plaintiff's evidence was properly sustained. *Larson v. St. Railway Company*, 110 Mo. 234; *Crenshaw v. Ullman*, 113 Mo. 633, and cases and authorities cited.
(7)   Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done and is the wrongful act of the contractor, the employer is not liable. *Robbins v. Chicago*, 4 Wall. 657.   (8)   Plaintiff in this case seeks to make defendants McCauley and McCoy indemnitors for the damages

paid in the case of *Phelps v. City of Independence.*
Indemnitor must have had notice of the litigation and
an opportunity to control the proceedings.   The former
litigation is therefore not binding or conclusive on these
defendants.   *St. Joseph v. Union Railway Company,* 116
Mo. 636, and cases cited; *Strong v. Insurance Co.,* 62
Mo. 289; *Garrison v. Transportation Co.,* 94 Mo. 130.
(9) The former case of *Phelps v. City of Independence* is
not conclusive on these defendants, sufficient notice not
having been given or opportunity to control the former
proceedings not having been afforded these defendants,
and the testimony of Murphy in that case was properly
excluded by the court.   *St. Joseph v. Union Railway Co.,*
116 Mo. 636.   (10)   There being no joint contract of
erecting the buildings, or constructing the sidewalk in
question between Slack and McCauley, there is in this
case a misjoinder of party defendants; failure on the
part of plaintiff by the evidence submitted to show that
defendants McCauley, or her agent McCoy, directly or
presumptively, authorized the stone which caused
Phelp's injury, to obstruct the street of plaintiff, was
sufficient warrant for the trial court to instruct the jury
to find for such defendants.   *Sublette v. Noland,* 5
Mo. 295; 3 Sutherland on Damages, sec. 1053.

MACFARLANE, J.—Henry C. Phelps obtained a
judgment against plaintiff, the city of Independence,
for physical injuries caused by stones and other ob-
structions which it negligently permitted to remain on
one of its streets.   This suit is prosecuted by plaintiff
against defendants who, it is alleged, wrongfully and
negligently placed the obstructions in the street and
were primarily liable, and, as a consequence, are liable
over to plaintiff, who had paid the judgment against it.

The petition charges that at the time the said
Phelps received his injuries defendants Slack and

McCauley were engaged in the construction of build-
ings abutting on the street and in the construction of
a stone sidewalk on the street in front of the buildings,
and defendant McCoy was acting as agent of said
defendant McCauley in directing and controlling said
work. That an excavation was made in the street for
the purpose of an area under said sidewalk to connect
with the cellar under said buildings, and that stones
to be used in the construction of said sidewalk were
left in the street. That said excavation was wrongfully
and negligently made, and said stones negligently
placed in said street at said point by defendants, and
wrongfully and negligently left unlighted so that no
warning or protection was given to persons passing
along said street, and the injury to said Phelps was
primarily caused by such wrongful and negligent acts
of defendants. The petition further charged that
plaintiff had notified defendants that said suit had
been commenced against it by Phelps and was pend-
ing, and when it would be tried, and to appear and
defend the same.

Defendants filed separate answers. That of McCoy
was a general denial. The answer of each of the other
defendants contained a special plea to the effect that
the sidewalk in front of their property was con-
structed by one Stewart under a contract with defend-
ant, whereby he agreed to furnish the material and do
the work for a stipulated price. That by the terms of
said contract Stewart was to construct a completed
sidewalk and defendant retained no right to direct or
control the means and manner of doing the work.
The reply of plaintiff to each of these answers was a
general denial.

On the trial plaintiff offered in evidence the
records and proceedings in the suit of Phelps against
the city of Independence, evidence tending to prove

notice to defendants of the pendency of said suit, and established by evidence the following facts:

Defendants Slack and McCauley were owners of the lots abutting upon the street in front of the point at which Phelps was injured; they had each erected buildings on their respective lots which were near completion; they each made excavations and prepared the street adjacent to their respective property for laying a sidewalk; these excavations were guarded so as to prevent persons from falling therein; large flag-stones, five feet wide and ten feet long, were brought from Fort Scott, Kansas, for use in the construction of the sidewalk. For the purpose of fitting and dressing these stones, they were placed upon the street, leaving a passway three or four feet wide between them and the curbing, and were suffered to remain in that position for two weeks or more. Mr. Phelps, passing along the street in the nighttime, in order to avoid the excavations, went out in the street and fell over these stones and was injured.

It was shown on examination of plaintiff's witnesses that defendants Slack and McCauley had separate contracts with one Stewart to furnish the stone and construct sidewalks in front of their respective buildings. These contracts called for completed sidewalks of designated stone for which stipulated prices were to be paid. Defendants retained no power to direct the manner or means of doing the work or control or right to control Stewart in the performance of the contract in any respect. The stones were placed and allowed to remain in the streets by Stewart without direction or suggestion of defendants, or knowledge, when the contract was made, that they would be so placed, and allowed to remain unguarded.

Plaintiff offered to read the deposition of one Murphy, taken in the suit of Phelps against plaintiff,

and who had since died, for the purpose of proving that defendants employed the witness to superintend the construction of the sidewalk. The deposition was excluded by the court on objection by defendants. At the conclusion of plaintiff's evidence on motion of defendants the court gave to the jury an instruction in the nature of a demurrer to the evidence and plaintiff took a nonsuit with leave. This nonsuit the court afterward refused to set aside and plaintiff appealed.

I. The right of the city of Independence to recover against these defendants the amount it was required to pay Phelps depends upon whether they were primarily liable for the injury. The action must therefore be for a cause for which defendants are liable. Defendants deny their liability on the ground that the negligence which resulted in the injury to Phelps was that of an independent contractor for which they are not answerable. The question is, can the negligent act of Stewart in creating a nuisance in the street be attributed to defendants. If so, it must be either for the reason that Stewart was, in the performance of the act, their servant or agent, or that defendants owed to the city and the public the duty to keep the street in front of their property free from obstructions which they could not lawfully shift to another and thereby exonerate themselves.

The distinction between an independent contractor for whose negligence in the conduct of the work or business the employer will not be answerable, and of an agent or servant for whose conduct he is responsible as for his own acts, is at this day well settled. The general rule is that one employing a competent person exercising an independent occupation, to do a work for him which is not unlawful in itself or dangerous to others, and retaining no control of the methods such person may adopt or power to

direct or control him in the work except as to results, will not be answerable for the wrongful or negligent acts of such contractor or his servants committed in the prosecution of the work. *Crenshaw v. Ullman*, 113 Mo. 638, and cases cited.

Difficulties are often encountered in the application of the rule to the facts in particular cases. We find but little difficulty in this case. The evidence leaves no doubt whatever that under the terms of the contract with Stewart for providing the materials and construct- ing the sidewalk he was an independent contractor. The contract called for a completed sidewalk, the con- struction of which was lawful in itself and did not necessarily involve the commission of a public nui- sance, or danger to other persons, if carefully done. No directions were given or control retained by defend- ant in respect to the means to be used or the methods to be adopted in accomplishing the result. It was not necessary to making the sidewalk that the stones should have been deposited in the streets, and doing so by the contractor was negligence in the execution of the work, and did not necessarily result from the char- acter of the work contemplated by the contract.

II. The question of difficulty with us in this case is whether defendants, while engaged in the improve- ment of their property, owed to the city of Independ- ence and the public the personal duty of placing safe- guards around obstructions that might be placed in the streets. If so they could not lawfully shift that duty upon another so as to exonerate themselves from the consequences of its nonperformance. *Pickard v. Smith*, 10 C. B. (N. S.) 470; *Wilson v. White*, 71 Ga. 510; *Water Co. v. Ware*, 16 Wall. 566; *Railroad v. Morey*, 47 Ohio St. 207; *Woodman v. Railroad*, 149 Mass. 339.

But we know of no principle of law that imposes a legal obligation upon the owner of property adjacent

to a public street to see that no obstructions to travel · are placed or suffered to remain thereon, nor is there evidence of a contract with, or license from, the city which placed defendants under any peculiar obligation to keep the street secure while they were improving their property. Defendants were, of course, responsible for what they did themselves or directed others to do, but the contract in question did not necessarily, or, probably, involve the commission of a nuisance, and can not, therefore, be construed as a direction by defendants to commit the negligent acts of which complaint is made. They had the right to make the contract, and to believe that the work would be done carefully in all respects, and after they had committed it to Stewart, duty did not require them to interpose, and see that the methods adopted were careful and proper.

There are some old English cases which hold generally and broadly that "the person from whom the whole authority is originally derived is the person who ought to be answerable" whether the person who did the work were the servant or an independent contractor of the employer. *Bush v. Steinman*, 1 B. & P. 404. This rule was followed for a time in Massachusetts. *Lowell v. Railroad*, 23 Pick. 24. But it is now well settled in this country as well as in England, as a general rule, that one person is only liable for the act or negligence of another when the relation of master and servant exists between them. 1 Beven on Neg. [2 Ed.], pp. 718, *et seq.* The facts bring this case within no recognized exception to this rule.

III. Error is assigned in not permitting the deposition of Murphy to be read.

This deposition tended to prove that Murphy, who had the contract for the erection of the buildings, volunteered to look after the construction of the sidewalk. We are unable to give his deposition a meaning broader

than that he would see that. the quality of the work, the general result, was in compliance with the contract. Supervision to this extent the defendants themselves had the right to retain and exercise, and the deposition does not affect in the least the relation of defendants to Stewart. *Larson v. Street R'y Co.*, 110 Mo. 234. The evidence is entirely consistent with the theory that Stewart was an independent contractor. Defendant was not prejudiced by the rejection of the deposition, though it might have been competent, which we do not decide.

The nonsuit was properly ordered, and the judgment is affirmed. All concur.