RINKER v. GALVESTON-HOUSTON ELECTRIC RY. CO. et al. (No. 6731.)

(Court of Civil Appeals of Texas. Galveston. March 3, 1915. On Motion for Rehearing, April 14, 1915. Rehearing Denied April 29, 1915.)

1. NEGLIGENCE &2<del></del>54—DANGEROUS PLACES— PERSONS LIABLE.

A company which merely had a right to run its cars over another's tracks after they were completed is in no way liable to a child injured through the negligence of the owner of the track or its contractor, which left a small truck on the tracks.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 66, 67; Dec. Dig. &2<del></del>54.]

2. MASTER AND SERVANT &2<del></del>315—INDEPENDENT CONTRACTORS—DEFENSE OF.

City ordinances required street railway tracks to be constructed without depressions between the rails or the approaches thereto. A street railway company engaged an independent contractor to construct a new line. *Held* that, as the work was not inherently dangerous, the railway company was not liable for the wrongful and negligent act of the contractor in leaving depressions in the uncompleted track.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1241, 1244–1253, 1255, 1256; Dec. Dig. &2<del></del>315.]

3. NEGLIGENCE &2<del></del>139 — ACTIONS — INSTRUCTIONS.

In an action against defendant which left a small truck on the tracks of a street car line that it was constructing, and which plaintiff, a child, was pushing when he fell through a trestle and into a hole under the track, a charge that, if defendant was accustomed to leave unguarded cars standing on the tracks which were attractive to children, and could be easily moved, and that plaintiff, being so attracted, was injured defendant was liable, unless plaintiff was guilty of contributory negligence, was not affirmatively erroneous, as requiring plaintiff

to prove that defendant was customarily negligent.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 371–377; Dec. Dig. ☞139.]

### On Motion for Rehearing.

**4. NEGLIGENCE ☞23—ATTRACTIVE NUISANCE —CHILDREN.**

A contractor engaged in building a street car track is liable for injuries received by a child, where it left on the track a small push car, which could be easily operated by children, in a neighborhood where children were likely to be, upon proof that the car was attractive to them, and without showing that it was accustomed to leave the car in that place, or that children customarily resorted thereto for play.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 33, 34, 129; Dec. Dig. ☞23.]

**5. APPEAL AND ERROR ☞1064 — REVIEW — HARMLESS ERROR.**

Where the evidence as to whether defendant customarily left a dangerous device attractive to children unguarded in a place where children were likely to be was conflicting, a charge which required the jury, as a condition to a verdict for the injured child, to find that the device was customarily left there and the place was customarily resorted to by children, was not harmless to plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ☞1064.]

Error from District Court, Galveston County; Robert G. Street, Judge.

Action by Dewey Rinker against the Galveston-Houston Electric Railway Company and another and the Stone & Webster Engineering Corporation. There was a judgment for defendants, and plaintiff brings error. Reversed as to the last-named defendant.

Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for plaintiff in error. Baker, Botts, Parker & Garwood, Stephen H. Philbin, and C. R. Wharton, all of Houston, for defendants in error.

McMEANS, J. Dewey Rinker, a minor, by next friend, brought this suit against the Galveston Electric Company, the Galveston-Houston Electric Railway Company, and the Stone & Webster Engineering Corporation to recover damages for personal injuries sustained by him through the alleged negligence of the defendants. Plaintiff alleged that on the 5th day of November, 1911, all of the defendants, acting together and for each other and in pursuit of a joint enterprise, were constructing and building a line of electric railway over and along West Broadway, a public street in the city of Galveston, and had their railway tracks laid along and upon said street to the westernmost limits of the city, and that said line of railway was in a partial state of completion, and that defendants were operating electric motor cars and hand cars, push cars, and construction cars over said tracks in said city to said city limits. He further alleged and proved, in substance, the following facts: That on the date named. plaintiff was 13 years of age,

and was living near the intersection of Forty-Second street and West Broadway, in said city; that on said date the defendants had left on said West Broadway and upon the railway track of defendants a certain short work car, unguarded and unattended by any servant or employé of the defendants; that said car was easily movable by hand, and could be pushed by children up and down said track, and could be ridden upon and played with by, and was attractive and an allurement to children; that many children resided near the intersection of said streets, and that that portion of the city was thickly populated; that said car had been left upon said track by defendants at the intersection of said streets on many days, at times when it was not in use, unguarded and unattended; that the defendants at said time had laid a double track, or a main track and a switch or siding, which extended westwardly along and upon West Broadway to beyond a crossing at Fifty-Second street, and that many times prior to said date various children had pushed said car up and down and had played with and upon it, on said switch track, in full view of defendants' employés who were engaged in working on the main track, which was laid contiguous to, and parallel with, the switch track; that on said date several children were playing with, around, and upon said car, and were pushing the same back and forth on said track, and that the plaintiff joined said other children at their play, and that, while he and the others were playing with and pushing the car, and while his view forward and downward was obstructed by the car, he fell through a trestle and into a hole under the track which the defendants had failed to cover and guard, and thereby received serious and permanent injury. Other facts proved will be hereinafter stated.

The grounds of negligence alleged as a predicate for recovery are, substantially, as follows: (1) In leaving said car upon its track on said street unguarded and unattended; (2) in failing to cover the hole under its track through which plaintiff fell; (3) in violating an agreement made by defendants with the city of Galveston for the protection of plaintiff and the other inhabitants of the city, which obligated the defendants to cover and make safe for travel and passage all portions of said street used by defendants for their tracks for the operation of their cars, and to not leave openings or pitfalls or uncovered trestles or drains in their tracks in the portions of the streets used by them; (4) that the said acts and omissions of defendants were negligence per se, in that the same were in violation of articles 429 and 430 of title 10, c. 1, of the Revised Ordinances of the City of Galveston, which read as follows:

"That at all curves, and at all street intersections, or crossings, said companies [meaning

railway and street railway companies] shall maintain and keep their roadbed and tracks and the approaches thereto for the full width of the street, in good, safe and passable condition for vehicles, by filling between the rails or tracks and the approaches thereto, either with approved ballasting material, plank or pavement.

"That whenever any tracks are laid upon trestle or pile foundation along the streets of the city, the space between said tracks for the entire width shall be filled in, in the same manner as hereinbefore provided, or the whole distance between the rails and the tracks shall be entirely planked over with two by twelve plank, securely spiked down and made safe for traffic over them, and the sides sloped off for a distance of six (6) feet by filling or packing as aforesaid."

He prayed for damages in the sum of $20,000.

The defendants answered by general denial and by plea of contributory negligence. And the defendants Galveston-Houston Electric Railway Company and Galveston Electric Company specially pleaded, and also proved, that the work of constructing the street railway was being performed for the Galveston Electric Company by the defendant Stone & Webster Engineering Corporation as an independent contractor; that the railway was in process of construction; and that the track along the street where plaintiff was injured had not been turned over to the Galveston Electric Railway by said Stone & Webster Engineering Corporation. The Galveston-Houston Electric Railway Company further pleaded and proved that it had nothing to do with the construction of said tracks, and that it did not own the tracks after they were constructed, and that it only operated its cars over said tracks by and under a contract made by it with the Galveston Electric Company, .the owner. The defendant Stone & Webster Engineering Corporation pleaded and proved that it was constructing the tracks in question under a contract between itself and the Galveston Electric Company, by which contract it undertook to construct and equip a street railway along Broadway; that the construction of said track was under the entire supervision of the defendant Stone & Webster Engineering Corporation, it being an independent contractor; and that the only supervision that the defendant Galveston Electric Company had over the construction of said tracks was to see that the same were constructed according to the specifications originally agreed upon.

A trial of the case was had before a jury. Upon the conclusion of the testimony the court peremptorily instructed the jury to return a verdict in favor of the defendants Galveston Electric Company and the Galveston-Houston Electric Railway Company, which was done. The case against the defendant Stone & Webster Engineering Corporation was submitted to the jury, and a verdict was returned for said defendant, upon which a judgment in its favor was accordingly entered. From the judgment thus entered the plaintiff, after his motion for a new trial had been overruled, has appealed.

Appellant by his first assignment of error assails the action of the trial court in peremptorily instructing a verdict in favor of the Galveston-Houston Electric Railway Company and the Galveston Electric Company. By his third proposition under this assignment he asserts that:

"Where a city granted a franchise to defendants to lay a line of railway along its public streets, and plaintiff was injured by falling into an excavation not guarded by barriers, planks, or otherwise, defendants are not relieved from liability because it had let the work by a contract under which the contractor had entire charge thereof."

[1] We have already shown that the tracks under construction were the property of the Galveston Electric Company, and were being constructed for said company by the Stone & Webster Engineering Corporation as an independent contractor. The Galveston-Houston Electric Railway Company was not the owner, in whole or in part, of said tracks, and the only interest it had in the tracks or in the construction of them was its right to run its cars upon them after completion, under and by virtue of an agreement made by it with the Galveston Electric Company; therefore in no phase of the case as made by the evidence was the Galveston-Houston Electric Railway Company liable to plaintiff for the damages suffered by him.

[2] We have hereinbefore shown that the Stone & Webster Engineering Corporation, in constructing the tracks, was an independent contractor, and doing the work for the Galveston Electric Company, and that the latter had nothing to do with the supervision of the work further than to see that the same was done agreeably to the specifications of the contract. The work was not inherently dangerous. There is nothing in the evidence to show that the contract stipulated or contemplated that the opening under the track into which plaintiff fell should be made or left there by the contractor in the performance of the work. On the other hand, the evidence clearly indicates that the opening was made or left by the Engineering Corporation during the course of construction, not by reason of any requirement of the contract, but was a detail of the work of construction and purely collateral to the work contracted to be done, and, if wrongful, was entirely the result of the wrongful act of the contractor or his workmen. The construction of the track upon the street was not unlawful, since it was being done under a franchise granted by the city of Galveston. The facts being as stated, the rule seems to be that the defendant Galveston Electric Company is not liable to plaintiff for the injuries sustained by him in falling into the opening, even though the opening as made and left there by the contractor was in violation of one or both of the articles of the ordinance above quoted.

The Supreme Court of the United States, in Robbins v. Chicago, 4 Wall. 657, 18 L. Ed. 427, tersely states the rule as follows:

"Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but, where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

The rule thus stated is quoted with approval in Cameron Mill & Elevator Co. v. Anderson, 34 Tex. Civ. App. 105, 78 S. W. 8, and is supported by the following cases: Texas Traction Co. v. George, 149 S. W. 438; Taylor v. Dunn, 80 Tex. 652, 16 S. W. 732; Hale v. Dutant, 39 Tex. 667; City of Independence v. Slack, 134 Mo. 66, 34 S. W. 1094; Fulton County St. Ry. Co. v. McConnell, 87 Ga. 756, 13 S. E. 828; Atlanta, etc., Ry. v. Kimberly, 87 Ga. 161, 13 S. E. 277, 27 Am. St. Rep. 231; Winniford v. MacLeod, 68 Or. 301, 136 Pac. 25; Hackett v. Western Union Tel. Co., 80 Wis. 187, 49 N. W. 822; Sanford v. Pawtucket St. Ry. Co., 19 R. I. 537, 35 Atl. 67, 33 L. R. A. 564.

In Taylor v. Dunn, supra, the Supreme Court recognizes the distinction between an injury arising directly and necessarily from the performance of the contract and an injury which arises from work merely collateral. In that case Taylor was sought to be held liable for injuries resulting from the negligence of Wilke in the operation of a railroad over the streets in the city of Austin; the latter being an independent contractor having exclusive control of the railroad. The court said:

"It must be conceded that appellant is liable for the injury received by Mrs. Dunn, notwithstanding the railway was operated by Wilke as a contractor, if the structure in the streets and its operation * * * created a nuisance; but if the construction of the railway in the streets was lawful, and thereon might be lawfully used such motive power and cars as were used, then appellant is not responsible for an injury which resulted from the negligent use of them by Wilke while operating the road and trains as a contractor."

In Fulton County Street Railway Co. v. McConnell, supra, the railway company had obtained a charter authorizing it to construct a street railway in the city of Atlanta; the consent of the municipal authorities being duly obtained. A contract was made with the Thompson-Houston Electric Company whereby the latter was to construct the railroad as an independent contractor. The construction company improperly placed certain rails in the road, and, an equestrian being thereby injured, judgment was recovered against both the employer and the independent contractor. This judgment was sustained as to the contractor, but reversed as to the other defendant. The court held that the case did not fall within any of the exceptions to the general rule that the employ-er was not liable for the torts of the independent contractor, saying:

"The work in constructing the road was not wrongful in itself; the company having obtained authority from the Legislature and the consent of the municipal authorities. Nor would the work result in a nuisance, for the same reason. Nor was it, according to previous knowledge and experience, in its nature dangerous to others, if carefully performed. * * * It was argued, however, by counsel for the defendant in error, that this rule does not apply where the work is to be performed in a public thoroughfare; that the license to obstruct the street was given specially to the railroad company, and could not be delegated to the contractor; that, where railroads are built in a public thoroughfare, the rights of the public to the use of the thoroughfare are involved, and the rule should be stricter than where the rights of individuals merely are affected. We have been unable to find any case where this distinction is recognized; but, on the contrary, in Overton v. Freeman, 11 C. B. 867, Maule, J., in replying to this identical argument, says: 'It is insisted that there is some greater degree of liability in respect of this being a public wrong than would ordinarily attach in the case of a mere private injury. I do not, however, perceive that there is any distinction between the two which is at all favorable to the plaintiff's argument. I rather think the liability for a public wrong is less extensive than the civil liability. A man is often civilly liable where no wrong was intended.' "

Railway v. Meador, cited by plaintiff in support of his second proposition under the first assignment, viz., "A duty to the public or to an individual cannot be devolved on a contractor," is not applicable under the facts of this case, as that case is explained by Judge Gaines in Railway v. Culberson, 72 Tex. 384, 10 S. W. 709, 3 L. R. A. 567, 13 Am. St. Rep. 805, wherein he says:

"Railway v. Meador, 50 Tex. 85, was a case in which the railroad company was held liable to the owner of land for the trespass of its contractors in entering upon his premises and constructing its road without having first condemned the right of way. The principle decided is that, the act which the contractors were employed to perform being unlawful, so far as the landowner whose land had not been condemned was concerned, the company could not escape its liability by showing that the persons who committed the trespass were independent contractors to perform the work."

The converse of this proposition is that, if the act which the contractor agreed to perform was not unlawful, so far as the landowner was concerned, but the damages were caused by the negligent performance of the contract, he, and not the railroad company, would have been liable therefor. Applying the law as we understand it to the facts of this case, we think it clear that, unless the opening in the track into which the plaintiff fell was made or left as a necessary result of the construction—and we think the evidence shows it was not—the defendants Galveston-Houston Electric Railway Company and the Galveston Electric Company were not liable for injuries resulting from the existence of the opening.

We think that what has been said sufficiently disposes of the first proposition under the first assignment, that the violation of a

city ordinance from which an injury to a third person results is negligence per se. Clearly, there was no violation by the Galveston-Houston Electric Railway Company or by the Galveston Electric Company of the ordinances quoted in leaving the opening in the track, as the opening was made by the independent contractor, between whom and the railway companies the relation of respondeat superior did not exist, and was an act collateral to and an incident of the work, and not done in performance of any stipulation or specification in the contract.

[3] By his second assignment of error appellant complains of the following portions of paragraph 4 of the court's charge;

"If you believe from the evidence that the Stone & Webster Engineering Corporation, their agents and servants, at or about the time and place stated, were accustomed to leave standing on said track cars, unguarded, attractive to children, and easily moved along the track by young children, and that young children attracted thereby were accustomed to resort thereto and play therewith, without hindrance, all of which was known to said Engineering Corporation, or might have been known to it by the exercise of such care as is exercised in like case by men of ordinary prudence, and that plaintiff so attracted thereby was injured as described while playing with such car, by falling into an open hole or trestle, in the roadbed, and that some such injury might reasonably have been foreseen by the Stone & Webster Engineering Corporation as probable to result therefrom, then you will find for the plaintiff against said Engineering Corporation, unless you find for the remaining defendant, the Stone & Webster Engineering Corporation, on the issue of contributory negligence as hereinafter instructed."

And by the third assignment appellant complains of the concluding portion of paragraph 4 of the charge, which is as follows:

"But, unless you believe from the evidence that the Stone & Webster Engineering Corporation was accustomed to leave such cars on the track unguarded, and that the same were attractive and dangerous to young children, and that they were customarily resorted to by them for play, without hindrance, with the knowledge of said Engineering Corporation, or it would have been able to know thereof if it exercised such care in the supervision of its business as a man of ordinary prudence would have exercised in like case, and that plaintiff was injured by the means and by the manner stated, and that some such injury might reasonably have been foreseen by said Engineering Corporation as likely to result from so leaving said cars, you will find for the Stone & Webster Engineering Corporation."

There was no affirmative error in the portion of the court's charge complained of in the second assignment. It left it to the jury to determine whether negligence in the respects charged in the petition existed under the facts as charged, and did not, as appellant contends, require appellant to prove that the defendant Stone & Webster Engineering Corporation was customarily negligent.

The third assignment presents more difficulty. There the jury were instructed that before appellant was entitled to a verdict they must believe from the evidence that the Engineering Corporation was accustomed to leave such cars on the track unguarded, and

that the cars were customarily resorted to by children for the purpose of play, without hindrance from and with the knowledge of the corporation. Whether or not the charge contained an abstractly accurate statement of the law, we are of the opinion that appellant could not have been prejudiced by it. He charged in his petition that:

The "car had for many days been by defendants left unguarded on one of the tracks," and that "many times prior to said November 5, 1911, various children had pushed said car up and down and had played with and upon it up and upon said switch track for said distance of ten blocks or more in full view of and with the consent and knowledge of the defendant's servants and employés, who were engaged at said time on the main track of and work for defendant," etc.

All these allegations were established by the undisputed evidence. Having alleged the custom of defendant in leaving the car on the track unguarded, the custom of children to play with it upon the track, and that this was with the knowledge of defendant, and having proved these facts, we cannot conceive how harm could have resulted to appellant by the charge complained of. We are further inclined to the opinion that, abstractly considered, the charge was correct. A hand or push car is not in itself so alluring or attractive to children as to charge the owner with notice that if it is left unguarded children will likely use it as a plaything; that, unless the facts show that children were accustomed to use the hand car and the owner knew or ought to have known of such custom, he could not be charged with knowledge that it might be so used by children to their injury. Railway v. Simpson, 60 Tex. 106; Evansich v. Railway, 57 Tex. 128, 44 Am. Rep. 586; Railway v. Morgan, 92 Tex. 98, 46 S. W. 28; Dobbins v. Railway, 91 Tex. 60, 41 S. W. 62, 38 L. R. A. 573, 66 Am. St. Rep. 856.

The special charge given by the court to the jury, which is complained of in the fourth assignment is a correct presentation of the question of proximate cause, as we understand the law to be, and there was no error in giving it.

The portion of the court's charge submitting to the jury the question of contributory negligence of plaintiff, which is complained of in the fifth assignment, was not a charge upon the weight of the evidence, nor is it defective in other respects pointed out by the propositions following the assignment. Nor do we think that any undue prominence was given in the charge and special charge requested by defendant on the issue of plaintiff's contributory negligence, or at least there was no such error in this respect as was calculated to cause, or probably did cause, the rendition of an improper judgment.

The seventh assignment, which complains that "the verdict of the jury was not sustained by the evidence," and the eighth, which complains of the action of the court in overruling plaintiff's motion for a new trial, there

being several grounds set out in the motion, are, under the repeated decisions of the appellate courts of this state, too general to require a consideration of them.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

### On Motion for Rehearing.

[4, 5] In passing upon that portion of the court's charge complained of in the third assignment of error we held that, whether or not the charge contained an abstractly accurate statement of the law, it was our opinion that appellant could not have been prejudiced by it, for the reason that the petition charged, and the undisputed evidence showed, that the car had for many days been left by defendant unguarded on one of its tracks, and that many times prior to the date of appellant's injury various children had pushed the car back and forth, and had played with it on the track in full view of and with the consent and knowledge of defendant's servants, and therefore no harm could have resulted to appellant by giving the charge. We still think that the giving of the charge was harmless if, as we first stated, the proof of these facts was undisputed. But appellant, in his motion for a rehearing, has called our attention to the fact that the proof in this regard was conflicting, and cites us to the testimony of the witness George McMullen, who was the roadmaster of defendant, wherein he says:

"I never saw any little hand cars—push cars —left standing on the track. They are always left to one side of the track on the ground. They were lifted up and put on the ground, unless the men happened to be using them; the men would use them—would have to put ties or rails or shell on them. And on Sundays and holidays they would take these push cars off the track and leave them to one side of the track. Sometimes they would run them down into the yard. Whether they did this all the time I do not know; I was not there all the time."

This testimony was not called to our attention by the parties in their briefs, and the only testimony referred to by them was that which sustained the allegation above referred to in plaintiff's petition; hence, assuming that there was no testimony other than that, we stated that the allegations were sustained by the undisputed proof. In heretofore passing upon the charge in question we stated that we were inclined to the opinion that the charge, abstractly considered, was correct. But we did not go fully into an investigation of the question because, for the reasons stated, we believed that, even if the charge was erroneous, no harm could have resulted to appellant by giving it. The raising of an issue of fact by the testimony of the witness McMullen has necessitated a further investigation of the point raised by the assignment, and upon further consideration we have

reached the conclusion that the charge was not correct, and that it was harmful, because it placed upon the plaintiff a greater burden to establish the liability of the defendant than the law placed upon him. Under this charge the jury could not have found for plaintiff unless they first found that the unguarded push car was both attractive and dangerous to children. If they did so find, then, before plaintiff could recover, they were required by the charge to find that the defendant was accustomed to leave the car on the track unguarded. If the jury so found, then they were required, before they could find for plaintiff, to go further and find that the car was customarily resorted to by children for play, and, not only this, but that this custom was known to the defendant, and not hindered by it, or that it should have known of such custom by the exercise of proper care. We think that, if the push car was attractive and dangerous to children, and easily moved along the track by them, that the defendant's liability for injuries received by a child who had been attracted to and was playing with the car would be established by showing that the car was left unguarded on the track in a public street, and where the evidence showed that many children lived, if the defendant knew or ought to have known that it was or would likely be resorted to by children for play, without showing that the defendant was accustomed to leave the car on the track unguarded, or that children customarily resorted thereto for play.

The jury might have believed that the defendant customarily took the push cars off the track and placed them upon the ground when not in use by its employés, or ran them down in the yard, as testified by the witness McMullen, and that the leaving of them upon the track unguarded was not customary, but occasional only, and, if they did so believe, then under the charge they were required to find for defendant, even though they should also find that the cars when so left on the track were attractive and dangerous to children, and that children, with the knowledge or consent of the defendant, resorted to them for purposes of play upon such occasions as they were left upon the track unguarded. The learned trial judge was led into the error, no doubt, by the allegations of the petition and the testimony referred to in our main opinion, overlooking, as we did, the testimony of the witness McMullen which raised the conflict. Any statement in our main opinion in conflict with the ruling here announced is hereby withdrawn.

The judgment of the court below in favor of the Galveston Electric Company and the Galveston-Houston Electric Railway Company is affirmed, and reversed and remanded as to the defendant Stone & Webster Engineering Corporation.