HACKETT, by guardian *ad litem*, Appellant, vs. THE WESTERN
UNION TELEGRAPH COMPANY, Respondent.

*September 3 — September 29, 1891.*

*(1) Negligence of independent contractor: Liability of principal. (2) Appeal: Exception by respondent, when available.*

1. In the construction of a telegraph line for the defendant a post-hole dug in a public street was left unguarded at night, and the plaintiff fell therein and was injured. The line was being built by a railroad company as an independent contractor, and it furnished all the materials and labor and employed the foreman who had full charge of the work. The contract did not require any holes to be dug in the street. *Held*, that the defendant was not liable.

2. An exception by the respondent to a ruling of the trial court admitting incompetent evidence, is available to sustain a judgment in his favor nonsuiting the appellant.

APPEAL from the Circuit Court for *La Crosse* County.

This action was commenced August 30, 1888. The complaint alleges, in effect, that in the latter part of August or the first part of September, 1879, the defendant was engaged in the erection and construction of a telegraph line from Caledonia Junction to and into the village of Caledonia, in Houston county, Minn., and that while so engaged it negligently, carelessly, and wrongfully dug a hole five or six feet deep in one of the public streets of said village, and left the same open and unguarded during a dark night, and by reason thereof the plaintiff, then about eight years of age, fell into the same, without any fault on his part, and was severely injured, for which he claims damages.

The answer consists of denials, and admits, in effect, that during the latter part of August or the first part of September, 1879, it caused a line of telegraph to be erected from Caledonia Junction, in said county of Houston, to and into said village, but alleges that said line was erected by the Chicago, Clinton & Dubuque Railroad Company under

and pursuant to a contract entered into by and between the defendant and said company; that the manner and mode of doing said work, as agreed in said contract, and of erecting said line of telegraph, was wholly and entirely under the control of said railroad company; and that the erection of said line was, at the time of the accident, under the control of said railroad company.

At the close of the plaintiff's testimony the court granted a nonsuit, and from the judgment entered thereon the plaintiff appeals.

For the appellant there were briefs by *Fruit & Brindley*, and oral argument by *J. J. Fruit.* They contended, *inter alia*, that whenever work of any kind is done in or upon a public highway, the author or prime mover in having it done cannot escape liability which results from the doing of the work authorized, even though it be done by a contractor. He who causes such work to be done, and which may be the cause of injury if not guarded against, must at his peril see that no obstruction is made or permitted to exist, rendering such highway dangerous. *Woodman v. Metropolitan R. Co.* 149 Mass. 335; *Ellis v. Sheffield G. C. Co.* 75 Eng. C. L. 767; *Congreve v. Smith*, 18 N. Y. 79; *Creed v. Hartmann*, 29 id. 591; *Lowell v. B. & L. R. Co.* 23 Pick. 24; *Pickard v. Smith*, 100 Eng. C. L. 470; *Gray v. Pullen*, 117 id. 970; *Hundhausen v. Bond*, 36 Wis. 29; *Robbins v. Chicago*, 4 Wall. 657; *Whitney v. Clifford*, 46 Wis. 145; *Storrs v. Utica*, 17 N. Y. 104; *Circleville v. Neuding*, 41 Ohio St. 465; *Brusso v. Buffalo*, 90 N. Y. 679; *Water Co. v. Ware*, 16 Wall. 566; *Palmer v. Lincoln*, 5 Neb. 136. If the telegraph company had a right to give directions or make changes during the progress of the work which caused the obstruction, or did so direct, then the relation of master and servant existed, and the company is liable. *Linnehans v. Rollins*, 137 Mass. 123; *Railroad Co. v. Hanning*, 15 Wall. 649; *Bracket v. Lubke*, 4 Allen, 138.

For the respondent there was a brief by *Losey & Wood-ward*, and oral argument by *G. M. Woodward*. They cited *Hilliard v. Richardson*, 3 Gray, 349; *Gorham v. Gross*, 125 Mass. 232, 240; *Conners v. Hennessey*, 112 id. 96; *Blake v. Ferris*, 5 N. Y. 48; *Hexamer v. Webb*, 101 id. 377; *McCafferty v. S. D. & P. M. R. Co*, 61 id. 178; *Hughes v. Railway Co.* 39 Ohio St. 475; *Tiffin v. McCormack*, 34 id. 642; *Clark v Fry*, 8 id. 359; *Butler v. Hunter*, 7 Hurl. & N. 826; *Mersey Docks Trustees v. Gibbs*, 1 Eng. & Ir. App. 93; *Edmundson v. Pittsburgh, M. & Y. R. Co.* 111 Pa. St. 316; *Cuff v. Newark & N. Y. R. Co.* 35 N. J. L. 17; *Ryan v. Curran*, 64 Ind. 354; *Scammon v. Chicago*, 25 Ill. 424; *Chicago City R. Co. v. Hennessey*, 16 Ill. App. 153; *Kepperly v. Ramsden*, 83 id. 354; *Blumb v. Kansas City*, 84 Mo. 112; *Easton v. E. & N. A. R. Co.* 59 Me. 520; *Callahan v. B. & M. R. R. Co.* 23 Iowa, 562; *Wright v. Holbrook*, 52 N. H. 120; *Atlanta & F. R. Co. v. Kimberley*, 87 Ga. 161.

CASSODAY, J. There is evidence to the effect that the hole mentioned in the foregoing statement was dug by persons engaged in the construction of the telegraph line, in one of the traveled public streets of the village, and negligently left open and unguarded at night, and that the plaintiff fell into the same and was injured. But, after a very careful reading of the printed case, we are unable to find sufficient evidence to sustain a verdict to the effect that the defendant in any way participated in such negligence. The learned counsel for the plaintiff place great reliance upon the admission in the answer to the effect that the defendant caused the telegraph line to be erected. But the admission really made therein is only to the effect that the defendant so caused the line to be erected under and pursuant to a contract entered into by and between it and the railroad company, in and by which the manner and mode of doing the work and erecting the line was, at the time of

the alleged accident, wholly and entirely under the control of the railroad company.

The original contract was not offered in evidence. The plaintiff offered, however, what purports to be a copy of such a contract, dated November 25, 1871, and which by its terms was to extend to all roads then or which might thereafter be owned or controlled by the railroad company, and the same was to continue twenty-five years from and after its date. Such copy was admitted in evidence subject to objection on the ground of irrelevancy and incompetency. The defendant excepted. There appears to have beeen no foundation laid for the admission of such copy, and the defendant's exception in the record is available in support of the judgment in its favor. *Maxwell v. Hartmann*, 50 Wis. 660; *Hoey v. Pierron*, 67 Wis. 267.

But, assuming that the copy was properly in evidence, still we do not feel authorized to disturb the judgment. It is true the copy states that the railroad company was " to furnish all the labor *except a foreman*," but the defendant does not therein expressly agree to furnish such foreman. The witness Cleveland positively testifies to the effect that he was employed and paid by the railroad company as foreman in the construction of the line in question; that as such he had full charge of the work, furnished the material, placed it on the ground, hired and discharged the men, and paid them off with money drawn from the railroad company; that he had the personal and immediate control of the men, dug the holes, set the poles, strung the wires, put in the insulators, and then connected the instruments, and put the line in operation; that the whole matter was left to him, and that he got his instructions in regard to the location and construction of the line from the officials of the railroad company.

It is claimed that the testimony of this witness is discredited by his letters written to one of the attorneys for

the plaintiff in February and March, 1888. We do not find any of such letters in the record. We must assume, therefore, that the statements of the witness respecting their contents are verities. He testifies to the effect that he stated in the letters that he "acted as foreman and *inspector* of lines for the" defendant; that his duty for the defendant was "to inspect the line *after* it had been constructed,— see if it was built according to their contract with the railroad company, and report the same to them;" but that he made his contract with the railroad company exclusively, or their representatives, and *afterwards* the defendant and the railroad company consolidated the expenses by having him do the work for both; that, in answer to questions in one of the letters, he did write to the effect that the defendant paid him a salary, but that the letter did not ask for any other information in relation to the construction of the line, and that he did not give any information further than asked; that what he wrote respecting the defendant's ownership of the line had reference to the time of its completion. The substance of this testimony, fairly construed, is to the effect that the telegraph line was constructed solely by the railroad company as an independent contractor, under the exclusive supervision of Cleveland as foreman for that company, and who received all instruction and pay for the same from that company; that, after the completion of the line, Cleveland inspected the same for the defendant, and that the defendant paid him therefor.

It is true there is some testimony which, if taken as standing alone and applicable to this telegraph line, might seem to support the plaintiff's contention. Such testimony was given by the witness Graves, who made the alleged contract as president of the railroad company; but it finally appears from his testimony that he severed all official connection with the company some three or four years before this line was built, and that he never saw any part of it ex-

cept for about half a mile west of Caledonia Junction, and then "simply as a looker-on." The witness Wyatt was the manager of the railroad at the time of such construction, but he testifies to the effect that he was building four different roads that year; that he did not personally look after the details of the work; that he did not know whether the line in question was built under the alleged contract, or some other contract, or any contract with the defendant; that it is probable that he, for the railroad company, let the contract to Cleveland to put up the line by the mile; that he was pretty sure that he did let him some work putting in telegraph lines by the mile. There is nothing in his testimony, nor anywhere in the evidence, sufficiently definite, certain, and substantial to justify a verdict to the effect that the defendant in any way participated in the digging of the hole or leaving it open and unguarded.

The question presented upon the assumption indicated, therefore, is whether the mere execution of the contract made the defendant responsible for the alleged negligent acts and omissions of the employees of the railroad company who dug the hole and left it open and unguarded. The case seems to come squarely within the well-established general rule to the effect that, where one person employs another to furnish the materials and do a specific job of work as an independent contractor, he does not thereby render himself liable for injuries caused by the sole negligence of such contractor or his servants. *Hundhausen v. Bond,* 36 Wis. 40; *Whitney v. Clifford,* 46 Wis. 146; *Robbins v. Chicago,* 4 Wall. 679; *Hilliard v. Richardson,* 3 Gray, 349, 63 Am. Dec. 743; *Conners v. Hennessey,* 112 Mass. 96; *Blake v. Ferris,* 5 N. Y. 48; *McCafferty v. S. D. & P. M. R. Co.* 61 N. Y. 178; *Hexamer v. Webb,* 101 N. Y. 377; *Scammon v. Chicago,* 25 Ill. 424; *Pfau v. Williamson,* 63 Ill. 16; *Hale v. Johnson,* 80 Ill. 185; *Hughes v. Cinn. & S. R. Co.* 15 Am. & Eng. R. Cas. 100; *Stone v. Cheshire*

*R. Corp.* 51 Am. Dec. 200, 201, notes.  Nor does the case come within the well-recognized exception to such general rule, to the effect that where the performance of such contract, in the ordinary mode of doing the work, necessarily or naturally results in producing the defect or nuisance which causes the injury, then the employer is subject to the same liability to the injured party as the contractor. *Ibid.; Chicago v. Robbins,* 2 Black, 418; *S. C.* 4 Wall. 657; *Stone v. Cheshire R. Corp.* 51 Am. Dec. 192, and notes, page 200.  In the case at bar the railroad company was not required by the contract to dig any hole in a traveled public street, much less to leave the same open and unguarded at night.

We find no substantial error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.