## COLEGROVE et al. v. SMITH et al.*

### No. 14,922; May 20, 1893.

#### 33 Pac. 115.

**Independent Contractors—Liability for Negligence.**—Where a person obtains from a city, by ordinance, license to lay pipes along its streets, he will be liable for injuries resulting from the negligent manner in which such work is done, even though the work is not done by himself, but by an independent contractor employed by him for that purpose.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by Margaret H. Colegrove and H. H. Colegrove against Fred J. Smith and others to recover for injuries received by Margaret Colegrove through defendants' alleged negligence. From a judgment for plaintiffs, and an order denying a new trial, defendants appeal. Affirmed.

Joy & Sumner, C. E. Sumner and Edwin E. Meserve for appellants; A. W. Hutton, P. C. Tonner and J. W. Swanwick for respondents.

HAYNES, C.—Action for personal injuries. Appeal by defendants from the judgment and an order denying a new trial. Appellants, as copartners doing business under the name of the Citizens' Water Company of Pomona, obtained from the city of Pomona, by ordinance, a grant or franchise to dig trenches and lay pipes in the streets of the city for the purpose of selling to and supplying its inhabitants with water. Afterward, on June 1, 1889, appellants contracted with M. O'Neill and Frank Osler to dig and fill the trenches for the pipe at a specified price per one hundred feet, a part to be two feet wide, and part twenty inches wide, and all thirty inches deep. The contract contained the following clause: "Said ditches to be filled as required by city ordinance; all road crossings to be properly tamped, and kept in repair for sixty days after completion of the work; parties digging ditch

---

*Rehearing granted.

to be responsible for all damages resulting by reason of injury to or breaking of any pipes owned by other persons.'' The ordinance required the grantees (appellants) or their assigns, immediately after laying the pipes, to restore the streets to their former condition, and have the same in as good repair as before; the work to be done under the direction, and to the satisfaction, of the superintendent of streets. Plaintiff, Margaret H. Colgrove (wife of her coplaintiff), on June 15, 1889, was driving along Garey avenue, where defendants' pipe had been laid, and the trench improperly filled with loose dirt, in which her buggy wheels sank, whereby she was thrown out and injured. There were no guards along the line of the trench, nor any notice of its unsafe condition. Several exceptions were taken to evidence, and to the refusal of the court to give to the jury certain instructions requested by defendants; but all these exceptions present a single question, arising upon the issue raised by defendants' answer, to the effect that O'Neill and Osler were independent contractors, in the exclusive control of the work of filling up the ditch, and for whose negligence defendants claim they are not liable.

It is commonly said—and, in a large class of cases, correctly—that the principle of respondeat superior does not apply where the negligent or wrongful act is that of an independent contractor, or of his servant or employee, unless the superior has been guilty of negligence in contracting with an unfit person. For a full discussion of the general doctrine above stated, see Boswell v. Laird, 8 Cal. 469. But there are exceptions to the general doctrine, and this case, I think, is one of them. The board of trustees of the city was charged by the law with the care and maintenance of the streets in a safe and proper condition for the use of the public. Appellants could not lawfully dig trenches and lay water pipes without express authority from the city. If they had undertaken to do so, and had contracted with another to do the work, they would not by such contract have relieved themselves from liability to the city for the trespass, nor to individuals who might have sustained special injury. Nor does the fact that they obtained from the city a franchise or permission to dig up the street, and lay their pipes, relieve them from more than the unlawful character of the work. They stand in a contract relation to the public, represented by the

city authorities, to do the work in the manner required by the ordinance, and cannot relieve themselves of the duty imposed by that contract by contracting with another to do the work. These trenches could not be dug in the street without danger to the public. If done without authority, a nuisance would necessarily be created, and, if not done in the manner required by the ordinance, the departure creates a nuisance. It is very different from the erection of a building, or the doing of other work upon private property, which does not constitute a nuisance, and which causes no danger to the public unless negligently performed. The owner, in such case, is under no contract relation to the public. He owes a duty, however—that of care to prevent accidents; but when he selects a competent workman, and intrusts the whole work to him, he discharges that duty. But if I am under a duty to another, created by contract or by statute, it is obvious that I cannot relieve myself of any of its obligations by contracting with another to do the same work; or, if a work which I may lawfully do creates a danger to others, I cannot escape liability by contracting with another to do it; for by contracting with another I authorize him to create the danger. But where the work is unattended with danger, except from negligence, a contract to do the work excludes negligence, and the contractor is liable. Attention is not called by counsel to any case in this court where the question here presented appears to have been considered, but authorities elsewhere are abundant, and quite generally uniform in support of the views above expressed. In Gray v. Pullen, 5 Best & S. 970, A was empowered, under the metropolis local management act (18 & 19 Vict.), to make a drain from his premises to a sewer by cutting a trench across a highway, and filling it up after the drain should be completed. For this purpose he employed a contractor, by whose negligence it was filled up improperly, in consequence of which damage ensued to B. Held, that A was responsible in an action by B. In Bower v. Peate, 1 Q. B. Div. 321, 326, Cockburn, C. J., said: "A man who orders a work to be executed, from which, in the natural course of things, injurious consequences to his neighbor must be expected to arise, unless means are adopted by which such consequences may be prevented, is bound to see to the doing of that which is necessary to prevent the mischief, and cannot

relieve himself of his responsibility by employing some one else to do what is necessary to prevent the act he has ordered to be done from becoming wrongful. There is an obvious difference between committing work to a contractor to be executed, from which, if properly done, no injurious consequences can arise, and handing over to him work to be done, from which mischievous consequences will arise unless preventive measures are adopted.'' In Pickard v. Smith, 10 Com. B., N. S., 470, the defendant, having employed a coal merchant to put coals into his cellar, was held liable for injury suffered by the plaintiff from his falling through the cellar opening, which had been left open by the negligence of the coal merchant's servants. In this case, after referring to the general rule placing the liability upon an independent contractor, the court said: ''That rule is, however, inapplicable to cases in which the act which occasions the injury is one which the contractor was employed to do, nor, by a parity of reasoning, to cases in which the contractor is intrusted with the performance of a duty incumbent upon his employer, and neglects its fulfillment, whereby an injury is occasioned.''

Appellants contend that in this state municipal corporations are not liable for injuries resulting from imperfections in the streets, and upon this ground attempt to distinguish this case from a large number of cases where the city was primarily liable, and also from other cases where the person or corporation which had obtained permission to do the work had agreed with the city to be answerable for all damages that might be sustained. Whether or not the city of Pomona was liable for the injury to respondent is immaterial. The contractors, O'Neill and Osler, were undoubtedly liable, and, if so, appellants would have been liable had they done the work themselves; and the question here is whether they did or could relieve themselves from responsibility by letting the work to independent contractors. Nor does the fact that there was not an express contract between appellants and the city to answer all damages at all affect the question, since the implied obligation arising from the franchise and the character of the work imposed upon them a liability for injuries caused by their negligence, in every respect as conclusive as an express contract. Chicago City v. Robbins, 2 Black, 418, 17 L. Ed. 298, Robbins v. Chicago, 4 Wall. 657, 18 L.

Ed. 427, and Water Co. v. Ware, 16 Wall. 566, 21 L. Ed. 485, all sustain the view we have taken. Woodman v. Railroad Co., 149 Mass. 335, 14 Am. St. Rep. 427, 4 L. R. A. 213, 21 N. E. 482, and Curtis v. Kiley, 153 Mass. 123, 26 N. E. 421, on appellants' brief, are directly against them. The first of these cases was that of a street railway corporation which employed a contractor to lay a new track in a city street, and through whose negligence in not properly guarding the work the injury happened. The railway company was held liable. The court said: "If the performance of a lawful contract necessarily will bring wrongful consequences to pass, unless guarded against, and if, as in the present case, the contract cannot be performed except under the right of the employer, who retains the right of access to the premises, the law may require the employer, at his peril, to see that due care is used to prevent harm, whatever the nature of his contract with those whom he employs." In the American cases above referred to will be found cases cited from many of the states sustaining the same doctrine. Appellants, however, seem to rely principally upon the case of Atlanta etc. R. R. Co. v. Kimberly, 87 Ga. 161, 27 Am. St. Rep. 231, 13 S. E. 277, and Fulton County etc. R. R. Co. v. McConnell, 87 Ga. 756, 13 S. E. 828. In the first of these cases the court recognizes and enumerates the exceptions to respondeat superior, but concludes that the facts do not bring it within any of the exceptions. The correctness of its conclusion in that case may well be doubted, though whether correct or not need not be considered here, since the case at bar comes clearly within the second exception to the general rule there stated, and to which the learned justice cites Bower v. Peate, and Pickard v. Smith, supra. The broad distinction between that case and the case at bar is apparent, since the trenches could not be dug in the streets of Pomona without danger to those having occasion to use the street, while a railroad embankment could be constructed without danger of creating a nuisance by impounding water which by stagnation produced malaria, and thereby became a nuisance. The second case (Railroad Co. v. McConnell) supports appellants' contention, but the court clearly came to a wrong conclusion. But three cases are cited in support of the conclusions reached by the court. One of these (Overton v. Freeman, 11 C. B. 867) was a "common pleas"

decision made in 1852, and which is in direct conflict with Gray v. Pullen, 5 Best & S. 970 (decided in 1864, in exchequer chamber, on appeal from queen's bench); and upon the appeal Overton v. Freeman was not only cited in the argument, but quoted from, and, though it is not referred to in the opinion, it was clearly overruled. Another of the cases there cited is Hackett v. Telegraph Co., 80 Wis. 187, 49 N. W. 822. There the defendant contractd with a railroad company to erect for it a line of telegraph. A hole was left unguarded overnight, into which a child fell, and was injured. A clear distinction between that case and the one at bar is stated by the court as follows: "The railroad company was not required, by its contract, to dig any hole in a traveled public street"; while here the work was required to be done in a public street in a city, and the negligence was in doing improperly that which the contract required to be done, and not in some matter collateral to, and not required to be done in the performance of, the contract. The other case referred to in the case of Fulton County etc. R. R. Co. v. McConnell is that of Atlanta etc. R. R. Co. v. Kimberly, above noticed.

The judgment and order appealed from should be affirmed.

We concur: Vanclief, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.