Carlson vs. Stocking and another.

---

CARLSON, Appellant, vs. STOCKING and another, Respondents.

*October 23 — November 26, 1895.*

*Independent contractor: Liability of employer for injury to third person: Court and jury: Appeal from justice's court: Pleading: Amendment.*

1. One person who employs another to furnish materials and do specific work as an independent contractor is not, as a general rule, liable for injuries caused by the sole negligence of such contractor or his servants; but where the performance of the work in the ordinary mode necessarily or naturally resulted in producing the defect or nuisance which caused the injury, the employer is subject to the same liability to the injured person as the contractor.

2. In an action for damages for flooding plaintiff's land by opening a dam for the purpose of floating logs down a river, it is *held*, upon the evidence, to have been a question for the jury whether defendants participated in operating the dam and making the drive, or whether their logs were driven by an independent contractor; and also whether the performance of the contract, in the ordinary method of doing the work, would necessarily or naturally result in producing the injury complained of.

3. On appeal from a justice's court the plaintiff may be allowed to make any reasonable and proper amendment of the complaint in respect to the cause of action attempted to be stated, but not to amend by adding a new and independent cause of action.

4. A cause of action stated in a complaint should not be stricken out without notice of a motion for the purpose and after the trial has commenced, but if so stricken out it will not be restored, when it would be subject to be stricken out again on proper notice.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

This action was brought in a justice's court to recover damages which the plaintiff alleged that she had sustained by the flooding of her lands on Middle river, in Douglas county, July 1, 1891, caused by defendants suddenly letting off the waters in great quantity from a dam about three miles above her premises, controlled and operated by them, whereby a great quantity of water which had been held back by the dam rushed down and overflowed her lands, and carried away a bridge she had built thereon across said river, and did damage in all to the amount of $200, for which she demanded judgment. The defendants denied the allegations of the complaint.

A trial in justice's court resulted in a judgment in favor of the defendants, from which plaintiff appealed to the superior court. In that court, upon notice and motion, the plaintiff obtained an order, the defendants not appearing, allowing her to file an amended complaint, and accordingly she filed an amended complaint, in two counts or causes of action; the first, in substance the same as her original complaint, laying the time of the injury August 1, instead of July 1, 1891, and charging that the waters so discharged from said dam, in addition to washing away and destroying her said bridge, washed and carried away an acre of her land, the garden, and garden vegetables, and a number of fruit trees, and overflowed and damaged her meadow land of about four acres on and along said river; the second cause of action was for similar injuries caused by the defendants in the same manner between May 1, 1892, and October 1 of that year,— all to her damage of $1,000. No new answer was interposed, but when the cause came on for trial, and after the jury had been sworn, the defendants moved the court to strike out the second count or cause of action so added by

way of amendment, and the court granted the motion, and the trial proceeded upon the first cause of action.

After the plaintiff had rested her case, the defendants moved that the plaintiff be nonsuited, and the court granted the motion and gave judgment against the plaintiff for costs, from which she appealed.

For the appellant there were briefs by *Crownhart, Owen & Foley,* and oral argument by *W. C. Owen.*

For the respondents there was a brief by *Murphy & Bundy,* and oral argument by *R. E. Bundy.*

CASSODAY, C. J.  It is, in effect, conceded that the plaintiff's premises were injured and that she was damaged as alleged, about August 1, 1891, and that such damage was caused, in part at least, by opening the dam mentioned for the purpose of creating a flood to drive a large quantity of logs, belonging in part to one Frazier, in part to the defendants, and in part to other parties.  There is evidence tending to prove, not only that the defendants participated in raising the dam in the summer of 1891, and a short time before the flooding mentioned, but also in operating the same and making the drive at the time in question.  If Frazier was the mere agent of the defendants in running their logs, then, of course, the defendants would be liable for his wrongful conduct in the matter of such agency.  There is also evidence tending to prove that Frazier had the full control of the dam and the drive at the time; that he employed all the men and obtained all the supplies; and that the defendants were merely to pay him a compensation for driving their logs. Upon the evidence in the record, we think it was for the jury to say, under proper instructions, whether the defendants participated in operating the dam and making the drive at the time, or whether Frazier was an independent contractor.

One who, as an independent business, undertakes to do

Carlson vs. Stocking and another.

specific jobs of work, without submitting himself to control as to the petty details, is an independent contractor. 3 Am. & Eng. Ency. of Law, 822; 1 Shearm. & Redf. Neg. (4th ed.), § 164. "A person who employs another to do a lawful act is presumed, in the absence of evidence to the contrary, to employ him to do it in a lawful and proper manner, and therefore the employer is not responsible for injuries occasioned by the negligent mode in which the act is done, unless he sustains as to the employee the relation of master to servant; but if the thing contracted to be done, of itself and without negligence on the part of the contractor, causes injury, or if the thing to be done be an unlawful act, the person having it done will be held liable." 16 Am. & Eng. Ency. of Law, 471. This court has repeatedly held that the well-established general rule is "to the effect that, where one person employs another to furnish the materials and do a specific job of work as an independent contractor, he does not thereby render himself liable for injuries caused by the sole negligence of such contractor or his servants;" and that "the well-recognized exception to such general rule, to the effect that where the performance of such contract, in the ordinary mode of doing the work, necessarily or naturally results in producing the defect or nuisance which caused the injury, then the employer is subject to the same liability to the injured party as the contractor." *Hackett v. W. U. Tel. Co.* 80 Wis. 192, 193, and cases there cited. To the same effect is *Smith v. Milwaukee B. & T. Exchange, ante,* p. 360. In *Casement v. Brown,* 148 U. S. 615, a contractor agreed with a railroad company to construct piers for a bridge over the Ohio river of sizes and forms, in places, and of materials in accordance with plans and specifications furnished by the company, and to furnish the materials and perform the work of preparing and keeping in place buoys and lights to warn against danger. By reason of a flood, one of these piers was submerged, and the buoy and light placed to give warn-

Carlson vs. Stocking and another.

ing of it were carried away. The contractors failed to place a new buoy and light. One of the barges in a tow struck on the pier and was lost. And it was held "that the defendants were independent contractors, and not employees of the company, and, as such, were liable for injuries caused by their own negligence."

We are also of the opinion that there is evidence tending to prove that the case comes within the exception mentioned, and hence that that branch of the case should have been submitted to the jury.

It was competent, upon appeal from the justice's court, to allow the plaintiff to make any reasonable and proper amendment of her complaint in respect to the cause of action attempted to be set out in it, but not to amend it by adding a new and independent cause of action. While the action of the court in striking out the second count or cause of action, without previous notice of a motion for that purpose, and after the trial had been commenced, was quite irregular, it would be useless to restore it for that reason, when it would be subject to be stricken out again on proper notice.

For the reasons stated, there must be a new trial.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded for a new trial.

The exceptions to the rule that an employer is not liable for acts of an independent contractor are considered in a note to *Hawver v. Whalen* (49 Ohio St. 69) in 14 L. R. A. 828.— Rep.