SHIRLEY S. ABRAHAMSON, C.J.
¶ 65. {concurring in part, dissenting in part). When a landowner employs an independent contractor to perform an activity that this court declares is inherently dangerous as a matter of law, who should bear the cost of the damage to the innocent neighbor's property? Should it be the employer who hires the independent contractor to perform the inherently dangerous activity and reaps the benefits of that activity? Or should it be the innocent neighbor who suffers the damages caused by the independent contractor's negligence?[1]
¶ 66. Our case law has already answered this question: "[A]n employer of an independent contractor is vicariously liable for the torts of an independent contractor if the activity of the independent contractor is inherently dangerous."[2]
*448 ¶ 67. The majority opinion professes that it "sets forth the proper analysis in applying the inherently dangerous exception to the general rule,"[3] but its analysis does not comport with the principles underlying the inherently dangerous exception.[4]
*449 ¶ 68. The general rule, upon which we all agree, is that employers of independent contractors are not generally liable for the torts committed by their independent contractors. An employer may, however, be liable for the torts of an independent contractor in two circumstances:
(1) "the employer may be liable for any negligence of his own in connection with the work to be done," and
(2) under certain circumstances such as the independent contractor's performance of inherently dangerous activities, the employer may be "liable for the negligence of the contractor, although [the employer] has .. . done everything that could reasonably be required of him [or her]."[5]
¶ 69. These two bases of liability of the employer of an independent contractor are analyzed separately in the case law and the literature.
¶ 70. This case addresses only a claim against the employer (Luethi) for the tortious acts committed by his independent contractor. The complaint does not allege that any wrongful acts were committed by Luethi.[6] As the majority opinion notes, summary judgment determinations rely solely on allegations in the complaint.[7]
¶ 71. By confusing the two separate inquiries of an employer's liability, the majority reaches the conclusion that vicarious liability attaches to the employer as a matter of law for his or her independent contractor's *450 torts in performing an inherently dangerous activity, but that such an employer can nonetheless avoid liability if he or she exercised ordinary care.
¶ 72. Because the court has already determined as a matter of law that the herbicide spraying by the independent contractor in the instant case constituted an inherently dangerous activity and nothing in the complaint or record avers Luethi's negligence, no inquiry into Luethi's level of care is necessary.
¶ 73. Accordingly, I agree with the majority opinion that the matter is to be remanded to the circuit court to determine whether the independent contractor was causally negligent in damaging the neighbor's property. I disagree that on remand the circuit court must resolve the question of whether Luethi failed to use ordinary care with regard to the activity. Neither the complaint nor the summary judgment record raises the issue of the negligence of Luethi himself.
¶ 74. I reach my conclusions by reasoning as follows:
I. The principles of tort law in the Restatements and the literature lead to the conclusion that an employer of an independent contractor is vicariously liable for the causal negligence of the independent contractor who performs an inherently dangerous activity. See ¶¶ 75-89, infra.
II. Wisconsin case law has adopted these principles and has applied them. See ¶¶ 90-97, infra.
III. By declaring as a matter of law that the activity of the independent contractor was inherently dangerous, the majority opinion has by definition already concluded as a matter of law that a reasonable person in the position of Luethi knew or had reason to know of the inherent danger in the activity. See ¶¶ 98-104, infra.
*451 IV The Wisconsin jury instruction on "inherent dangerousness," on which the majority opinion rests its reasoning, requires clarification in light of our existing case law. See ¶¶ 105-118, infra.
I
¶ 75. In order to clarify the nature of the liability in the instant case, I lay out the state of the law regarding instances in which an employer of an independent contractor is liable for the independent contractor's negligence.
¶ 76. The general rule, as I stated above, is that one who contracts for the services of an independent contractor is not liable to others for the acts of the independent contractor.[8]
¶ 77. An employer may, however, be liable for the torts of an independent contractor under a variety of exceptional circumstances. The Restatement (Second) of Torts organizes the bases for an employer's liability when he or she employs an independent contractor into two distinct categories:
(1) "harm caused by fault of employers of independent contractors"[9] and
(2) "harm caused by negligence of a carefully selected independent contractor."[10]
*452 ¶ 78. These two categories are described in the Third Restatement as (1) "direct liability in negligence"[11] and (2) "vicarious liability."[12]
¶ 79. In the first category, direct liability, an employer of an independent contractor may be held liable for the injuries caused by the employer's own negligence.[13] That is, liability for the employer exists on "occasions where the employer may be liable for his [or her] own negligence, even if the work entrusted to the contractor is such that the employer is not otherwise answerable for the negligence of the contractor . . . ."[14]
¶ 80. The Restatement (Third) of Torts: Liability for Physical and Emotional Harm acknowledges a variety of potential negligent acts on the part of the employer that would create liability, as listed in the relevant sections of the Restatement (Second):[15]
The hirer's negligence might take various forms, including the failure to use reasonable care in selecting a *453 competent contractor;[16] giving orders or directions to the contractor without exercising reasonable care;[17] failing to exercise reasonable care as to dangerous conditions on the land;[18] failing to use reasonable care *454 as to artificial conditions and activities on the land that pose a risk of physical harm to those off the land;[19] and *455 failing to exercise reasonable care as to the manner in which the contractor performs any part of the work over which the hirer has retained control.[20]
Restatement (Third) of Torts § 55 cmt. a (2012) (footnotes added).
¶ 81. In those cases falling in the first category of employer liability, in which the employer's own negligence is at issue, the employer is liable if the employer breached his or her duty of ordinary care.[21]
*456 ¶ 82. Conversely, in cases in the second category, i.e., vicarious liability, the employer's own negligence is not at issue. Once an activity falls into this second category, the liability of an employer of an independent contractor depends on the tortious acts of its independent contractor, not the tortious act of the employer.
¶ 83. The Restatement (Second) of Torts explicitly notes that for this category of liability, the potential negligence of the employer is irrelevant:
The rules stated in the following §§ 416-429 [under the heading "Harm Caused by Negligence of a Carefully Selected Independent Contractor"], unlike those stated in the preceding §§ 410-415 [under the heading "Harm *457 Caused by Fault of Employers of Independent Contractors"], do not rest upon any personal negligence of the employer. They are rules of vicarious liability, making the employer liable for the negligence of the independent contractor, irrespective of whether the employer has himself been at fault. They arise in situations in which, for reasons of policy, the employer is not permitted to shift the responsibility for the proper conduct of the work to the contractor. The liability imposed is closely analogous to that of a master for the negligence of his servant.
Restatement (Second) of Torts ch. 15, topic 2, intro, note, at 394 (1965) (emphasis added).
¶ 84. The Restatement (Third) of Torts: Liability for Physical and Emotional Harm echoes this declaration, stating that the rules it sets forth are "consistent with the Second Restatement of Torts" and asserting that the rules in this second category are "appropriately viewed as rules of vicarious liability."[22] The Restatement (Third) goes on to reiterate the irrelevance of the principal employer's own negligence: "These rules subject the hirer, even absent the hirer's own negligence, to liability for harm caused by the tortious conduct of another actor — the independent contractor."[23]
¶ 85. The Restatements (Second) and (Third) of Torts identify the "inherently dangerous" exception as falling into this second category of vicarious liability.
¶ 86. Section 416 of the Restatement (Second) states that an employer is subject to vicarious liability for the torts of an independent contractor under circumstances with an increased risk that can be reduced through special precautions:
*458 One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.
2 Restatement (Second) of Torts § 416 at 395 (1965).
¶ 87. Similarly, Restatement (Second) of Torts § 427 states that an employer of an independent contractor in a situation involving inherently dangerous activities is subject to vicarious liability for harm caused by the contractor's tortious acts.
One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.
Restatement (Second) of Torts § 427, at 415 (1965).
¶ 88. The Restatement (Third) of Torts: Liability for Physical and Emotional Harm echoes this rule, declaring that an employer may be vicariously liable for the torts of its independent contractor if the activity carries a peculiar risk, i.e., a heightened risk if reasonable care is not taken:
An actor who hires an independent contractor for an activity that the actor knows or should know poses a peculiar risk is subject to vicarious liability for physical harm when the independent contractor is negligent as *459 to the peculiar risk and the negligence is a factual cause of any such harm within the scope of liability.
Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 59 (2012).[24]
¶ 89. The view of the Restatements (Second) and (Third) and the law of vicarious liability of an employer of an independent contractor are reflected in the literature. The Prosser and Keeton treatise notes that the "inherently dangerous" exception is one of many exceptions to the general rule that there is no vicarious liability upon an employer for the causal negligence of the independent contractor.[25] Specifically, this category of cases goes beyond the reasonable precautions taken by an employer, "hold[ing] the employer liable for the negligence of the contractor, although [the employer] has . . . done everything that could reasonably be required of him [or her]. They are thus cases of vicarious liability."[26] See also 2 Dan B. Dobbs, Paul T. Hayden, & Ellen M. Bublick, The Law of Torts § 432 (2d ed. Practitioner Treatise Series 2011); Francis M. Dougherty, Annotation, Liability of Employer with Regard to Inherently Dangerous Work for Injuries to Employees of Independent Contractor, 34 A.L.R. 4th 914 (1984 & Supp.).
II
¶ 90. Wisconsin case law has followed these tort principles explained above involving inherently dangerous activities.
*460 ¶ 91. As the majority opinion correctly notes,[27] our case law has cited Sections 416 and 427 of the Restatement (Second) of Torts when assessing whether an employer can be held vicariously liable for the torts of its independent contractor: "Sections 416 and 427 impute the independent contractor's negligence to the principal employer irrespective of whether the employer is himself or herself at fault on the basis that the dangerous activities involved give rise to a nondelegable duty." Wagner v. Cont'l Cas. Co., 143 Wis. 2d 379, 391, 421 N.W.2d 835 (1988) (emphasis added) (cited by the majority op., ¶ 33.).
¶ 92. In Hackett v. Western Union Tel. Co., 80 Wis. 187, 49 N.W. 822 (1891), this court recognized that employing an independent contractor to do inherently dangerous work renders the employer liable for injuries caused by the sole negligence of the contractor. The Hackett court described the liability as follows:
[Wjhere the performance of such contract, in the ordinary mode of doing the work, necessarily or naturally results in producing the defect or nuisance which causes the injury, then the employer is subject to the same liability to the injured party as the contractor.
Hackett, 80 Wis. at 193.
¶ 93. The court reiterated this principle of vicarious liability of an employer who employs an independent contractor to perform inherently dangerous activity in subsequent cases, notably in Carlson v. Stocking, 91 Wis. 432, 435, 65 N.W. 58 (1895) (cited in majority op., ¶ 27) and Medley v. Trenton Inv. Co., 205 Wis. 30, 36, 236 N.W. 713 (1931) (cited in majority op., ¶ 31).
¶ 94. The majority opinion properly concludes that spraying herbicides is inherently dangerous as a *461 matter of law in the context and facts of the instant case. Majority op., ¶¶ 58-60. If an activity is inherently dangerous and an independent contractor, in performing that activity, negligently causes harm to a third party, then the employer of the independent contractor is liable, irrespective of the employer's own negligence.
¶ 95. Applying the rule to the instant case, Luethi may be liable for the harm caused to the innocent neighbor plaintiff if it is proved that the independent contractor was causally negligent in spraying the herbicides, an inherently dangerous activity. The only remaining question, in my opinion, for the circuit court on remand is whether the independent contractor was causally negligent in damaging the innocent neighbor plaintiffs property. The inquiry should end here.
¶ 96. Yet the majority opinion appends a confusing and unnecessary additional step to the inquiry on remand.
¶ 97. I turn now to the majority opinion's additional step, requiring the innocent neighbor plaintiff to prove on remand that Luethi (the employer of the independent contractor in the present case) knew or had reason to know about the danger inherent in the spraying of the herbicide. See majority op., ¶¶ 13-14, 53-56.[28]
III
¶ 98. In the present case, this court has declared that as a matter of law the activity of the independent contractor spraying herbicides was inherently danger *462 ous.[29] In order to declare an activity "inherently dangerous" as a matter of law, the majority opinion rules that the activity poses a "naturally expected risk of harm." Majority op., ¶¶ 4, 10, 11, 58. Wisconsin Civil Jury Instruction 1022.6 explains that "[ijnherently dangerous work is work from which one can naturally expect harm to arise unless something is done to avoid that harm." If a risk of harm is "naturally expected," then the reasonable person, as a matter of law, knows or has reason to know that an increased risk of harm is "inherent in or normal to the work."[30]
¶ 99. Once the court has determined as a matter of law that the activity is "inherently dangerous," that is, that the activity poses a naturally expected risk of harm, the court has determined that a reasonable person in the position of Luethi knew or had reason to know the activity was inherently dangerous. Majority op., ¶¶ 8, 55. The end!
¶ 100. Sister state jurisdictions have similarly recognized that the "knows or has reason to know" element is included within the designation of an activity as "inherently dangerous."[31]
¶ 101. In Huddleston v. Union Rural Electric Association, 841 P.2d 282 (Colo. 1992), the Colorado Supreme Court outlined the link between "inherently dangerous" activities and the "knows or has reason to know" element as follows:
*463 For purposes of the "inherently dangerous" activity exception, therefore, the focus is on dangers recognizable in advance or contemplated by the employer as being "inherent" in the activity, or the circumstances of performance, when carried out in its ordinary way, and not on risks created by or following from the contractor's unforeseeable departure from the ordinary or prescribed way of performing the work under the circumstances.
Against this backdrop of the Restatement (Second) of Torts and related case law, we conclude that an activity will qualify as "inherently dangerous" when it presents a special or peculiar danger to others that is inherent in the nature of the activity or the particular circumstances under which the activity is to be performed, that is different in kind from the ordinary risks that commonly confront persons in the community, and that the employer knows or should know is inherent in the nature of the activity or in the particular circumstances under which the activity is to be performed.
Huddleston, 841 P.2d at 289-90 (emphasis added).
¶ 102. Thus, in order to determine whether an activity is "inherently dangerous," a court must look to the "knows or has reason to know" element before determining an activity "inherently dangerous," not the other way around. Whether the employer "knows or has reason to know" of the inherent danger is part of the objective test for determining whether an activity is inherently dangerous. If a danger is "inherent," it must necessarily be one that an employer of an independent contractor (using the reasonable person objective standard) expects to occur from the particular activity.
¶ 103. Nevertheless, the majority opinion reasons that on remand the factfinder must determine whether a reasonable person knew or had reason to know what the court has already determined to be "the naturally *464 expected risk of harm." I find this reasoning perplexing and contradictory to the majority opinion's holding that, as a matter of law, reasonable people know or have reason to know that the spraying of herbicides in the instant case is inherently dangerous.
¶ 104. The "knew or had reason to know" element is satisfied in the present case as a definitional part of "inherently dangerous," rather than as an additional question of fact to be determined after this court declares the activity inherently dangerous as a matter of law.
IV
¶ 105. The majority opinion declares that in order to determine whether vicarious liability exists for Luethi in the instant case, the fact finder must examine "whether Luethi failed to use ordinary care with regard to any danger inherent in the herbicide spraying that he knew or had reason to know about." Majority op., ¶ 59.
¶ 106. Nevertheless, the majority opinion asserts that "if spraying [herbicides] is an inherently dangerous activity, then it gives rise to a duty of ordinary care for [the employer of the independent contractor] for the acts of the independent contractor." Majority op., ¶ 8. Yet, as our case law adopting the principles of tort law for inherently dangerous activities clearly demonstrates, the employer's behavior does not govern the liability of the employer for the causal tortious conduct of the independent contractor who is engaged in an inherently dangerous activity. The employer in such circumstances is vicariously liable irrespective of his or her own fault.
¶ 107. The majority opinion asserts that the need to address the factual question of the due care of the *465 employer who employs an independent contractor derives from Wisconsin's pattern jury instruction for the liability of an employer for the torts of an independent contractor and from Restatement (Second) of Torts §413.
A
¶ 108. The majority opinion comments on the special verdict form and the pattern jury instructions as follows:
The suggested verdict form that follows Wisconsin Jury Instruction- — Civil 1022.6, Liability of one employing independent contractor, presents three questions.
The first is, "Was the work performed by the (owner) (independent contractor) inherently dangerous?"
The second is, "If you answered 1 "yes," then answer this question: Did (owner) fail to use ordinary care in (describe the work done)?"
And the third is, "If you answered question 2 "yes," then answer this question: Was that failure to use ordinary care a cause of (injury to (third person) (damage to (third person)'s property)?"
Majority op., ¶ 11 n.8.[32]
¶ 109. The instant case is a summary judgment case. No jury instruction or special verdict is involved.
¶ 110. The majority opinion confuses whose ordinary care and wrongdoing is at issue in the instant case, which is a vicarious liability case. It is the independent contractor's causal negligence that matters, not Luethi's. *466 Luethi was not spraying any herbicides himself in the instant case. He is vicariously liable for the causal negligence of his independent contractor in applying the herbicides — an inherently dangerous activity.
¶ 111. I am unpersuaded by the jury instruction's references to the employer's failure to use ordinary care. The comments to the jury instruction are not supported by the case law cited.[33]
¶ 112. The Wagner case, cited by the jury instruction,[34] specifically states that the employer's liability for the negligent acts of its independent contractor in performing inherently dangerous activities exists "irrespective of whether the employer is himself or herself at fault."[35]
¶ 113. The other cases cited in the comments to the jury instruction declare that the employer's own acts and negligence are irrelevant to the determination of the employer's vicarious liability for the causal negligence of an independent contractor performing an inherently dangerous activity:
While it may be just to hold the party authorizing the work .. . exempt from liability for injury resulting from negligence which he had no reason to anticipate, there is, on the other hand, good ground for holding him liable for an injury caused by an act certain to be attended with injurious consequences, if such conse *467 quences are not in fact prevented, no matter through whose default the omission to take the necessary measures for prevention may arise.
Wertheimer v. Saunders, 95 Wis. 573, 581, 70 N.W. 824 (1897) (emphasis added). That is, regardless of any wrongdoing on the part of the employer, when the activity is one that is "certain to be attended with injurious consequences," liability attaches to the employer for the causal negligence of the independent contractor.
¶ 114. In Finkelstein v. Majestic Realty Corp., 198 Wis. 527, 224 N.W. 743 (1929) (also cited in the comments to the jury instruction), there were multiple theories of negligence of an independent contractor for a roof tile that fell onto a roadway: First, the employer's failure to inspect; and second, the negligence of the independent contractor in applying the roof tiles. The Finkelstein jury found no negligence on the part of the independent contractors and thus only the employer's own negligence was at issue. Nevertheless, the Finkelstein court stated the general rule for the liability of an employer who employs an independent contractor who negligently performs an inherently dangerous activity as follows:
[I]f the injuries had resulted from the negligent act of the contractors, the owner would be jointly liable with them. But the jury has expressly absolved the contractors from negligence, and therefore the liability must rest solely upon the owner.
Finkelstein v. Majestic Realty Corp., 198 Wis. 527, 537, 224 N.W. 743 (1929).
¶ 115. Thus, it is clear, as we have explained previously, that there are two separate inquiries in determining the liability of an employer who employs *468 an independent contractor: (1) whether the employer himself engaged in any wrongdoing; and (2) whether, in the case of an independent contractor performing an inherently dangerous activity, the independent contractor committed causal negligence in performing the activity. If the activity is inherently dangerous, the employer's liability is vicarious: the negligence of the independent contractor attaches to the employer regardless of the principal employer's own actions.
¶ 116. Rather than clarify the jury instruction, the majority opinion simply extends the confusion. I am persuaded that the Wisconsin Jury Instructions Committee should consider clarifying the jury instruction in light of the case law upon which the instruction relies.
B
¶ 117. In an attempt to buttress its conclusion that the employer's personal duty of ordinary care is relevant in the instant case, the majority opinion also relies on Section 413 of the Restatement (Second) of Torts, a section that it acknowledges is entirely inapplicable to the instant case. Section 413 discusses only the fault of the employer, not the vicarious liability at issue in the instant case.[36]
¶ 118. Indeed, the majority opinion properly acknowledges that Section 413 is inapplicable to the instant case because the innocent neighbor plaintiff alleges no wrongdoing on the part of Luethi.[37] Specifically, the plaintiffs "did not allege in the complaint that any harm was caused by [Luethi]." Majority op., ¶ 33 n.19.
*469 ¶ 119. By muddling through direct liability and vicarious liability of an employer who employs an independent contractor and failing to state the doctrines clearly, the majority opinion has injected confusion into the law. Furthermore, the majority opinion has shifted the liability for inherently dangerous activities from an employer who employs the independent contractor for an inherently dangerous activity, the person who reaped the benefits of the contracted work, to the innocent neighbor plaintiff, who had no knowledge about or control over the spraying of herbicides.
¶ 120. The majority opinion has subverted the long-standing rationale for the "inherently dangerous exception," and indeed jeopardizes the vitality of the "inherently dangerous" doctrine. If a plaintiff must show that an employer who employs an independent contractor has breached the employer's own duty of ordinary care, in what way does a case of "inherently dangerous" activity differ from any other negligence claim against the employer?
¶ 121. As the Restatement (Third) of Torts: Liability for Physical and Emotional Harm explains, the "inherently dangerous activity" doctrine imposing vicarious liability on an employer of an independent contractor for the tortious actions of the independent contractor is motivated by public policy concerns.[38] That is, once the activity is one that a reasonable person knows or has reason to know would pose a peculiar risk, the liability for creating such a risk falls *470 on the employer for the torts of the independent contractor, not the innocent third parties harmed by such torts.
¶ 122. The majority opinion has apparently converted a longstanding rule that an employer of an independent contractor is vicariously liable for the torts of an independent contractor in performing inherently dangerous activities into one of an employer's liability for the employer's personal negligence and has converted a rule that places the burden of risk for inherently dangerous activities on the person creating those dangers into a rule placing that burden on innocent third parties. This outcome is contrary to the letter and the rationale of our case law, the Restatements of Torts, treatises, and case law from other states.
¶ 123. For the reasons set forth, I write separately.
¶ 124. I am authorized to state that Justices ANN WALSH BRADLEY and DAVID T. PROSSER join this opinion.

 In these situations liability has been imposed on the employer based on two policy concerns: Fairness and economic efficiency. Huddleston v. Union Rural Elec. Ass'n, 841 P.2d 282, 287 (Colo. 1992). See Alan O. Sykes, The Economics of Vicarious Liability, 93 Yale L. J. 1231, 1271-73 (1984).

 Brooks v. Hayes, 133 Wis. 2d 228, 233-34, 242-43, 395 N.W.2d 167 (1986). Although Brooks was not decided on the grounds that the inherently dangerous exception applied, it did properly state the test for the vicarious liability of an employer for the torts of its independent contractor while performing an *448 inherently dangerous activity. Simply because Brooks was decided on other grounds does not render its statement of law inaccurate. Wisconsin does not consider statements germane to a controversy as dicta. See Zarder v. Humana Ins. Co., 2010 WI 35, ¶ 52 n.19, 324 Wis. 2d 325, 782 N.W.2d 682.
See also Wagner v. Cont'l Cas. Co., 143 Wis. 2d 379, 391, 421 N.W.2d 835 (1988) (cited by majority op., ¶ 39); Finkelstein v. Majestic Realty Corp., 198 Wis. 527, 537, 224 N.W. 743 (1929) (cited by majority op., ¶ 30); Medley v. Trenton Inv. Co., 205 Wis. 30, 36, 236 N.W. 713 (1931) (cited by majority op., ¶ 31).
Vicarious liability applies when the law imposes a duty on an employer, regardless of the employer's own actions, for the tortious actions of another:
Vicarious liability is a form of strict liability without fault. A master may be held liable for a servant's torts regardless of whether the master's own conduct is tortious. . . . [Vlicarious liability is a separate and distinct theory of liability, and should not be confused with any direct liability that may flow from the master's own fault in bringing about the plaintiffs harm. Vicarious liability is imputed liability.
Kerl v. Dennis Rasmussen, Inc., 2004 WI 86, ¶ 21, 273 Wis. 2d 106, 682 N.W.2d 328.
The majority opinion's use of the term "strict liability" is misleading. Majority op., ¶¶ 13,14, 62, 63. Once the activity has been deemed "inherently dangerous," the plaintiff must still show that the independent contractor was causally negligent. If there was negligence on the part of the independent contractor in performing that inherently dangerous activity, then the employer is also liable, regardless of his or her own personal negligence.

 Majority op., ¶ 27 n.12.

 This opinion addresses the "inherently dangerous" exception and does not address the "extrahazardous activity" exception, which has different rules for liability. See Wagner, 143 Wis. 2d at 387-88, 391-98.

 W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 71, at 510, 511 (5th ed. 1984).

 Majority op., ¶ 17 ("The only basis in the complaint for the claim was that the independent contractor was negligent ----").

 Majority op., ¶ 24.

 Lofy v. Joint School Dist. No. 2, 42 Wis. 2d 253, 263, 166 N.W.2d 809 (1969).

 Restatement (Second) of Torts ch. 15, topic 1, intro, note, at 371 (1965).

 Restatement (Second) of Torts, ch. 15, topic 2, intro, note, at 371 (1965). "The liability imposed is closely analogous to that of a master for the negligence of his servant. The statement commonly made in such cases is that the employer is under a duty which he is not free to delegate to the contractor." Id. See *452 also 2 Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, The Law of Torts § 432 (2d ed. Practitioner Treatise Series 2011).
The inherently dangerous doctrine is also sometimes referred to as a nondelegable duty or as a peculiar risk. See, e.g., Restatement (Second) of Torts §§ 416, 427 (1965); 2 Dan B. Dobbs et al., The Law of Torts § 432.

 Restatement (Third) of Torts: Liability for Physical and Emotional Harm, § 55, at 363 (2012).

 Restatement (Third) of Torts: Liability for Physical and Emotional Harm, § 57, at 400 (2012).

 See Wagner, 143 Wis. 2d at 388 ("[A] principal employer may be liable to the independent contractor's employee for injuries caused by the principal employer's affirmative act of negligence.") (citing Barth v. Downey Co., Inc., 71 Wis. 2d 775, 239 N.W.2d 92 (1976)).

 US. Fid. & Guar. Co. v. Frantl Indus., Inc., 72 Wis. 2d 478, 487, 241 N.W.2d 421, 426 (1976).

 The comment to this section notes that "Sections 55 and 56 subsume and replace the direct-liability provisions set out in *453 §§ 410-415 of the Restatement Second of Torts." Restatement (Third) of Torts: Liability for Physical & Emotional Harm § 55 cmt. a (2012).

 This provision adopts and replaces the liability in selection of a contractor discussed in Restatement (Second) of Torts § 411, which states:
§ 411 Negligence in Selection of Contractor
An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
(b) to perform any duty which the employer owes to third persons.

 This provision adopts and replaces the liability in orders or directions negligently given by the employer, discussed in Restatement (Second) of Torts § 410, which states:
§ 410 Contractor's Conduct in Obedience to Employer's Directions
The employer of an independent contractor is subject to the same liability for physical harm caused by an act or omission committed by the contractor pursuant to orders or directions negligently given by the employer, as though the act or omission were that of the employer himself.
Similarly, if the employer retains control over the actions of the independent contractor's work, the employer remains liable for negligent acts caused by the work as discussed in Restatement (Second) of Torts § 414:
§ 414 Negligence in Exercising Control Retained by Employer
One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

 As the comment states, this liability for "failing to use *454 reasonable care as to artificial conditions and activities on the land that pose a risk of physical harm to those off the land" replaces the specific rules relating to owners or possessors of land. Restatement (Second) of Torts §§ 412, 415 (1965).
The Restatement (Second) of Torts, § 412, creates liability for failure of the principal employer to properly inspect the contractor's work to ensure that the land or chattel is in reasonably safe condition:
§ 412 Failure to Inspect Work of Contractor After Completion
One who is under a duty to exercise reasonable care to maintain land or chattels in such condition as not to involve unreasonable risk of bodily harm to others and who entrusts the work of repair and maintenance to an independent contractor, is subject to liability for bodily harm caused to them by his failure to exercise such care as the circumstances may reasonably require him to exercise to ascertain whether the land or chattel is in reasonably safe condition after the contractor's work is completed.
Restatement (Second) of Torts § 412, at 382 (1965).
The Restatement (Second) of Torts, § 415, provides for liability when a principal employer landowner opens the land for public use and fails to exercise reasonable care in protecting the public from harms caused by an independent contractor:
§ 415 Duty to Supervise Equipment and Methods of Contractors or Concessionaires on Land Held Open to Public
A possessor of land who holds it open to the public for any purpose is subject to liability to members of the public entering for that purpose for physical harm caused to them by his failure to exercise reasonable care to protect them against unreasonably dangerous activities of, or unreasonably dangerous conditions created by, an independent contractor or concessionaire employed or permitted to do work or carry on an activity on the land.
Restatement (Second) of Torts § 415, at 390 (1965).

 The Restatement (Second) of Torts § 414A provides for liability when a principal employer landowner knows or has reason to know that the independent contractor's activities or conditions create an unreasonable risk to those outside the land:
*455 § 414A Duty of Possessor of Land to Prevent Activities and Conditions Dangerous to Those Outside of Land
A possessor of land who has employed or permitted an independent contractor to do work on the land, and knows or has reason to know that the activities of the contractor or conditions created by him involve an unreasonable risk of physical harm to those outside of the land, is subject to liability to them for such harm if he fails to exercise reasonable care to protect them against it.

 This provision adopts and replaces the principal employer's liability for failure to take precautions against peculiar known risks of harm discussed in Restatement (Second) of Torts § 413:
§ 413 Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor
One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer
(a) fails to provide in the contract that the contractor shall take such precautions, or
(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

 For example, in a case alleging negligent hiring or selection of an independent contractor, the jury determines whether the employer acted negligently in selecting the contractor based on competence, insurance, or other factors. See Wagner, 143 Wis. 2d at 389-90.
*456 The Restatement (Second) of Torts lists factors that determine the amount of care required in the selection and hiring of competent contractors:
(1) [t]he danger to which others will be exposed if the contractor's work is not properly done; (2) the character of the work to be done — whether the work lies within the competence of the average man or is work which can be properly done only by persons possessing special skill and training; and (3) the existence of a relation between the parties which imposes upon the one a peculiar duty of protecting the other.
Restatement (Second) of Torts § 411 cmt. C, at 378 (1965).
Similarly, in a case alleging a failure to inspect the contractor's work, an employer of an independent contractor may be liable for failure to properly inspect the independent contractor's work to ensure that it was left in a reasonably safe condition. See Brown v. Wis. Natural Gas Co., 59 Wis. 2d 334, 208 N.W.2d 769 (1973).
The Restatement (Second) of Torts recognizes that highly fact-based determinations are required to determine the amount of care required by the employer, because of "an almost infinite variety of construction and repair work done by all sorts and kinds of contractors on buildings and chattels used for infinitely varying purposes . . . ." Restatement (Second) of Torts § 412 cmt. c, at 383 (1965).

 Restatement (Third) of Torts: Liability for Physical and Emotional Harm, § 57 cmt. A, at 401 (2012).

 Id. (emphasis added).

 The Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 59 cmt. a (2012) notes that it replaces Sections 416 and 427 of the Restatement (Second).

 W. Page Keeton et al., Prosser and Keeton on Torts § 71, at 512 (5th ed. 1984).

 Id. at 511.

 Majority op., ¶ 33.

 The majority opinion at ¶ 59 states: "The next questions to answer are 1) whether Luethi failed to use ordinary care with regard to any danger inherent in the herbicide spraying that he knew or had reason to know about... ."

 Majority op., ¶¶ 58, 56 & n.23 (citing Mueller v. Luther, 31 Wis. 2d 220, 230-231, 142 N.W.2d 848 (1966)).

 Restatement (Second) of Torts § 427 (1965).
Ordinarily, as the majority opinion correctly notes, the issue of whether an activity is inherently dangerous is a question of fact for the fact finder. Majority op., ¶ 56.

 See 2 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 5, cmt. e, at 420 (2012).

 See majority op., ¶¶ 10-12, 61 (citing Wis JI — Civil 1022.6, Suggested Verdict Form 1).

 The comments assert that "the risk of injury or damage (under the inherently dangerous exception) from the work was so great that the owner or principal contractor should have taken reasonable steps to avoid it." Wis JI — Civil 1022.6 cmt. (2005).

 Wis JI — Civil 1022.6 at 1-2 (citing and quoting Wagner, 143 Wis. 2d at 391).

 Wagner, 143 Wis. 2d at 391.

 See majority op., ¶¶ 33, 51-53.

 Majority op., ¶ 33 n.19.

 Restatement (Third) of Torts: Liability for Physical & Emotional Harm § 59 cmt. d (2012). See also note 1, supra.